Michael A. Grisham
Dorsey & Whitney LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
Phone:  (907) 276-4557
Facsimile:  (907) 276-4152
Email:  grisham.michael@dorsey.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| FMI FOOD MARKETERS INTERNATIONAL ) | | |
| Plaintiff(s) ) | Case No.   3:06-cv-00011-JWS | |
| ) | | |
| vs ) | | |
| ) | | |
| GLOBAL SEAFOODS NORTH AMERICA ) | | |
| Defendant(s) ) | SCHEDULING AND PLANNING | |
| _____ ) | CONFERENCE REPORT | |

1.      **Meeting**. In accordance with F.R.Civ.P. 26(f), a meeting was held on February 27, 2006 and was attended by:

| | |
|---|---|
| Michael A. Grisham | attorney for plaintiff FMI Food Marketers International, Ltd. |
| Mark C. Manning | attorney for defendant Global Seafoods North America, LLC |

The parties recommend the following:

2.      **Pre-Discovery Disclosures**.  The information required by F.R.Civ.P. 26(a)(1):

_____ have been exchanged by the parties

 X   will be exchanged by the parties by March 20, 2006

Proposed changes to disclosure requirements:  (*Insert proposed changes, if any*)

Preliminary witness lists

_____ have been exchanged by the parties

 X  will be exchanged by the parties by March 20, 2006

3.        **Contested Issues of Fact and Law**.   Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

**PLAINTIFF'S ISSUES**

-   Did Global breach the quality provisions of its contracts with FMI?
-   Did Global breach the quantity and right of first refusal provisions of its contracts with FMI?
-   Were Global's breaches of contract a bad faith effort to increase its profits from the subject contracts?
-   What were the specific money and other damages caused by Global's wrongful actions?
-   Did global misrepresent the quality of the fish it could and did supply under the subject contracts?
-   Did Global withhold inspection reports regarding the quality of the fish it supplied under the subject contracts?
-   Did Global make misrepresentations in inducing FMI to provide it with advance payment for fish?
-   Did Global fail to deliver fish for which it had accepted advance payments?
-   Did Global act with intent?

**DEFENDANT'S ISSUES**

-   Did FMI fail to seasonably to provide agreed letters of credit.
-   Did FMI obstruct timely presentation of documents for payment on letters of credit.
-   Did FMI  fail to tender agreed payment timely.
-   Did FMI wrongfully withhold payment pending inspection.
-   Did FMI represent that the processed salmon it wished to purchase was to be canned.
-   Did FMI's wrongful conduct by cause an increase in demurrage charges to Global?
-   Did FMI timely reject any goods?
-   Did FMI fail to mitigate any damages it incurred?

4.   **Discovery Plan**.  The parties jointly propose to the court the following discovery plan.
    A.        Discovery will be needed on the following issues:

PLAINTIFF'S ISSUES
        Global's internal documents regarding the quality of fish it was producing, and the knowledge and understanding of Global's principals regarding Global's contract obligations and the purpose and intent of Global's actions as outlined in the complaint.

DEFENDANT'S ISSUES
        The quality of fish delivered; the timing and contents of communications between and among Global, FMI, Global's shipping agent, FMI's buyers, and the banks that administered the letters of credit; FMI's actions in response to deliveries.

    B.    All discovery commenced in time to be completed by October 31, 2006 ("discovery close date").

C.    Limitations on Discovery.

    1.  Interrogatories

        \_\_\_\_No change from F.R.Civ.P. 33(a)

        X\_\_Maximum of \_\_40\_\_ by each party to any other party.

        Responses due in \_\_\_\_days.

    2.  Requests for Admissions.

        X\_\_No change from F.R.Civ.P. 36(a).

        \_\_\_\_Maximum of _____requests.

        Responses due in \_\_\_\_days.

    3.  Depositions.

        X\_\_No change from F.R.Civ.P. 36(a), (d).

        \_\_\_\_Maximum of \_\_\_\_depositions by each party.

        Depositions not to exceed \_\_\_\_hours unless agreed to by all parties.

D.    Reports from retained experts.

    Not later than 90 days before the close of discovery subject to F.R.Civ.P
    \_\_\_\_26(a)(2)(C).

    \_X\_Reports due: 45 days before the close of discovery

    From plaintiff (*insert date*)        From defendant (*insert date*)

E.    Supplementation of disclosures and discovery responses are to be made:

    Periodically at 60-day intervals from the entry of scheduling and planning
    \_\_\_\_order.

    As new information is acquired, but not later than 60 days before the close of
    X\_\_discovery.

F.    A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

    X   45 days prior to the close of discovery.

       Not later than (*insert date*)

5.    **Pretrial Motions**.

  X No change from D.Ak. LR 16.1(c).

The following changes to D.Ak. LR 16.1(c). [Check and complete all that apply]

     Motions to amend pleadings or add parties to be filed not later than (*insert date*).

     Motions under the discovery rules must be filed not later than (*insert date*).

Motions in limine and dispositive motions must be filed not later than (*insert date*).

6.    **Other Provisions**:

A.    The parties do not request a conference with the court before the entry of the scheduling order.

The parties request a scheduling conference with the court on the following issue(s):

(*Insert issues on which a conference is requested*)

B.    Alternative Dispute Resolution.  [D.Ak. LR 16.2]

This matter is not considered a candidate for court-annexed alternative dispute resolution.

 X The parties will file a request for alternative dispute resolution not later than (*insert date*).

    Mediation     Early Neutral Evaluation

C.  The parties      do  X  not consent to trial before a magistrate judge.

4

5

D.   Compliance with the Disclosure Requirements of F.R.Civ.P. 7.1

<u>  X  </u>   All parties have complied   <u>     </u>   Compliance not required by any party

7.   **Trial**.

A.   The matter will be ready for trial:

<u>  X  </u>  45 days after the discovery close date.

<u>        </u> not later than (*insert date*).

B.   This matter is expected to take   <u>  5     </u>  days to try.

C. Jury Demanded   <u>  X  </u> Yes   <u>     </u> No

Right to jury trial disputed?   <u>     </u> Yes   <u>  X  </u> No

Dated:  March 15, 2006

/s/ Michael A. Grisham
Michael A. Grisham
Michael A. Grisham
Dorsey & Whitney LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
Phone:  (907) 276-4557
Facsimile:  (907) 276-4152
Email:  grisham.michael@dorsey.com


/s/ Mark C. Manning
Mark C. Manning
Mark C. Manning PC
431 West 7th Avenue, Suite 204
Anchorage, AK  99501
Phone:  (907) 278-9794
Facsimile:  (907) 278-1169

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 15, 2006, a true and correct copy of this document was served on:

Mark Manning


by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

/s/ Michael A. Grisham

Dorsey & Whitney, LLP

6

4839-5136-8192\1 3/15/2006