Michael R. Mills, ABA# 8911074
Michael A. Grisham, ABA# 9411104
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for FMI Food Marketers International, Ltd.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

FMI FOOD MARKETERS
INTERNATIONAL, LTD.

                      Plaintiff

vs.

GLOBAL SEAFOODS NORTH
AMERICA, LLC

                      Defendant

Case No. 3:06-CV-00011 JWS

## MOTION TO COMPEL

Plaintiff FMI, Food Marketers International, Ltd., ("FMI") hereby moves this Court, pursuant to Federal Rule of Civil Procedure 37, to issue an order compelling Defendant Global Seafoods North America, LLC, ("Global") to provide full and complete responses to FMI's Second Discovery Requests to Global. Global has throughout this litigation engaged in inappropriate gamesmanship and delay with respect to discovery. Up until now, FMI has been able, through extensive and costly efforts, been able to obtain basic discovery from Global after significant delay. Now, however, Global has flatly refused to provide reasonably complete responses to clear, and clearly relevant, interrogatories and associated requests for production. This Court's intervention

is required to force Global to meet the obligations imposed by the discovery rules.  In addition to an order compelling discovery, FMI further requests that Global be ordered to pay FMI's reasonable expenses and attorney's fees incurred in bringing this motion.

## BACKGROUND

FMI propounded its First Discovery Requests to Global on June 7, 2006.  See **Exhibit 1**.  Although Global timely responded to FMI's requests for admission, it initially failed to provide any documents in response to FMI's requests for production, and entirely failed to answer FMI's interrogatories.  See Response to FMI's First Requests for Discovery, attached hereto as **Exhibit 2**.[1]  After significant effort on the part of Plaintiffs' counsel, Global eventually did produce some documents and indicated that others may be available for inspection.  See Letter dated August 10, 2006, attached hereto as **Exhibit 3,** and Letter dated August 24, 2006, attached hereto as **Exhibit 4**.  Global maintained its refusal, however, to respond to any of FMI's Interrogatories, asserting only ill-founded objections.  Id.  FMI was dragged to the point of filing a request for relief from this Court before Global finally submitted some answers to the interrogatories and authorized inspection of documents in its Bellevue, Washington location.  See **Exhibits 3 - 6**.

FMI was able to select certain documents for copying at the document inspection on September 13, 2006.  Global nonetheless took over three weeks to actually provide copies of the documents selected during the September 13, 2006, inspection.  See Letter

---

[1] Of the thirteen interrogatories propounded by FMI, Global only deigned to address Interrogatories 2 and 10, and even as to those two interrogatories, Global provided only a refusal to answer based on a meritless relevance objection.  See Exh. 2.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

PLAINTIFF'S MOTION TO COMPEL                     *FMI Food Marketers, Int'l v. Global Seafoods*

Page 2                                                                             Case No. 3:06-cv-00011 JWS

dated September 25, 2006, attached hereto as **Exhibit 7.** Global forced FMI through these inappropriate and vexatious delay tactics to wait nearly <u>four months</u> for its discovery documents.

Equally significant was the disturbing information FMI learned while at Global's office concerning the availability of critical documents in this case. Global, through its representative Thomas Hennessey, indicated its belief that no other e-mails existed from early 2005 through the present that relate to any of the topics included in the requests for production provided by FMI. See Exh. 7. Hennessey indicated that he had destroyed many of these documents by "purging" e-mails from Global's computer systems. <u>Id</u>. FMI expressed grave concern regarding this destruction of documents, which not only violates the obligations imposed by the Civil Rules, but is also potentially actionable as an independent tort and under the Federal Computer Abuse and Fraud Act. <u>Id</u>. Global's attorney represented that Global would engage an information technology person to determine whether the e-mails purportedly deleted by Tom Hennessey and others in the Global organization[2] could be recaptured from the Global's server, and would contact its internet service provider ("ISP") in order to determine whether the ISP can provide a duplicate copy of the email traffic to and from Global during the relevant time frame, so that Global could adequately comply with its discovery obligations. <u>Id</u>.

---

[2] Mr. Hennessey said at the document inspection that Global's employees routinely deleted emails and just happened to delete all e-mails, except for the ones involving FMI. <u>See</u> Exh. 7. This statement is simply not credible. Indeed, the notion that everyone at Global "just happened" to coordinate their deletion schedules so that the only e-mails from 2005 to the present that remain in existence are those between Global and FMI is absurd on its face.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S MOTION TO COMPEL                    *FMI Food Marketers, Int'l v. Global Seafoods*

Page 3                                          Case No. 3:06-cv-00011 JWS

Global later indicated that its ISP could not provide any duplicates of e-mail traffic, but continued to represent that a computer consultant was reviewing its internal systems to find the documents. Although Global promised updates and documents from this search. it has not yet produced any such documents. See Affidavit of Michael A. Grisham.

Additionally, the interrogatory responses that Global eventually did provide continued to be inadequate. They were not verified under oath as required by Civil Rule 33(b)(1), and not a single one of the answers could be said to live up to FMI's appropriate instruction to provide answers "in detail," so that FMI is aware of each and every factual allegation Global is making in support of its claims and defenses. See Global Seafoods' Supplemental Interrogatory Reponses dated September 15, 2006, attached here to as **Exhibit 8.**

FMI filed its Second Set of Discovery Requests on September 27, 2006. Global's response to this discovery was no more timely or substantive than its first response. Once again, Global asserted objections, but refused to provide any substantive information. See Global Seafood's Objections to Second set of Interrogatories (attached hereto as **Exhibit 9)** and Objections to Second Requests for Production (attached hereto as **Exhibit 10**). Counsel for FMI was once again forced to undergo the expense of preparing a detailed demand showing FMI's entitlement to substantive responses. See Letter dated October 31, 2006, attached hereto as **Exhibit 11**. Although it had not informed counsel for FMI of this fact or asked for an extension of time, Global explained its clearly inadequate responses by indicating that it had wanted to preserve its objections even

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S MOTION TO COMPEL                      *FMI Food Marketers, Int'l v. Global Seafoods*

Page 4                                                                        Case No. 3:06-cv-00011 JWS

though it not had time to prepare substantive responses, and that substantive responses would be forthcoming.  See November 1, 2006 email from Mark Manning, attached hereto as **Exhibit 12**.  These substantive answers, received via e-mail on November 7, 2006 (11 days late), were little better than Global's previous non-response.  See Letter dated November 9, 2006, attached hereto as **Exhibit 13**.  Global provided no additional information in response to FMI's demand.  This motion followed.

I.   **LEGAL STANDARDS**

Entry of orders compelling discovery lies within the sound discretion of the trial court.  Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998).

The standards of relevance and discoverability under the Federal Rules are extremely broad.  The Federal Rules of Civil Procedure create a "broad right of discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth."  Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993).  As such, a discovery request need only be "'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.'"  Id.  (quoting Fed.R.Civ.P. 26(b)(1)).  Moreover, "[r]elevance for purposes of discovery is defined very broadly."  Garneau, supra, 147 F.3d at 812.  The Ninth Circuit has long relied upon the Supreme Court's pronouncement in Hickman v. Taylor that "[i]nformation is relevant to the subject matter if it might reasonably assist a party in evaluating the case, preparing for trial or facilitating settlement."  Hickman v. Taylor, 392 U.S. 485, 506-507, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

PLAINTIFF'S MOTION TO COMPEL                                          *FMI Food Marketers, Int'l v. Global Seafoods*
Page 5                                                                                              Case No. 3:06-cv-00011 JWS

## II. FMI IS ENTITLED TO SUBSTANTIVE RESPONSES TO ITS INTERROGATORIES.

### A. Global's Failure To Respond To FMI's Discovery Requests Is Groundless

#### 1. The First Set of Discovery Requests

As noted above, Global simply ignored the thirteen original interrogatories served by FMI – it refused to answer any of them, and even bothered to object to only two (raising only a relevance objection at that). Global finally answered only when faced with the threat of an imminent motion to compel, and even those responses remained inadequate.

Global's response to interrogatory number 1, for example, merely stated that the relevant facts "are reflected in the documents produced," without identifying those documents, and does not specify exactly why any charges are purportedly FMI's responsibility. See Global's Supplemental Interrogatory Reponses dated September 15, 2006, attached hereto as **Exhibit 8**. Similarly, Global's responses to Interrogatories 5, 9, 12, and 13 simply refer to other answers. These other answers, however, did not provide specific and detailed factual answers to the questions actually asked in the relevant interrogatories. Id. FMI is entitled to know what specific factual averments Global is going to raise in defense of FMI's claims. These interrogatory responses still leave FMI in the dark on these important points, and so are inadequate.

With respect to documents, even setting aside Global's inappropriate and vexatious delay tactics, FMI remains in the dark with respect to what documents may have been destroyed, and has received no substitutes for them. This Court should compel

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S MOTION TO COMPEL                    *FMI Food Marketers, Int'l v. Global Seafoods*

Page 6                                          Case No. 3:06-cv-00011 JWS

Global to describe exactly what became of the documents identified by Mr. Hennessey as potentially destroyed, and to detail its efforts to find such documents, and to provide the results of such efforts.

2.     **The Second Set of Discovery Requests**

a.     **Interrogatories**

Global's response to FMI's second set of interrogatories was no more substantive than its response to the First Discovery Requests.  Once again, Global asserted objections, but refused to provide any substantive information.  See Exhs. 9, 10.  Counsel for FMI was once again forced to undergo the expense of preparing a detailed demand showing FMI's entitlement to substantive responses.  See Letter dated October 31, 2006, attached hereto as **Exhibit 11**.

This non-response is the essence of vexatious litigation behavior.  Indeed, avoiding giving any information appears to be the focus of Global's actions.  Global deviated from the standard approach of asserting good faith objections and providing such information and responses as are not objectionable.  Worse yet, the objections it did assert were clearly groundless.  For example, the notion that it is "too burdensome" for Global to explain its quality control procedures and to identify the individuals responsible for implementing such procedures is simply specious.  See Exh. 10 at Response to Interrogatory 14.  As a state- and federally-regulated food processing plant, Global has to explain and describe its company practices and procedures all the time, and must train new employees in such practices and procedures as well.  Further, it is not credible for Global, a Pacific Northwest seafood processer, to aver that it is unable to comprehend the

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S MOTION TO COMPEL                              *FMI Food Marketers, Int'l v. Global Seafoods*

Page 7                                                                                     Case No. 3:06-cv-00011 JWS

meaning of "Grades 1, 2, and 3" of salmon and of "processed" salmon. This deliberately obtuse response indicates a vexatious effort to avoid discovery.

Nor was Global's actual substantive response (provided, again, 11 days late and only after a letter detailing FMI's entitlement to the documents and demanding answers) significantly better.

In Interrogatory No. 14, FMI demanded that Global "describe in detail" its quality control procedures and the specific steps Global took to meet the quality provisions of FMI-224. See FMI's Second Set of Discovery Requests, attached hereto as **Exhibit 14.** Global's answer indicates that Global has an "HACCP plan," and that "round fish were inspected." Global did not indicate the specific documents (by production number) that support this response, and so FMI cannot be certain that such documents have actually been produced. Moreover, HACCP ("Hazard Analysis and Critical Control Points") plans are food safety plans, designed to avoid contamination of food during processing. Neither FMI nor its customers have raised contamination complaints, and so this information is only minimally relevant. More importantly, Global provided no information regarding what it actually did to ensure that FMI got the quality of fish it contracted to receive (e.g. a description of quality control program training and quality control implementation steps, identifying who was responsible for ensuring compliance, etc.). The same holds true of the more relevant round fish and sample inspections Global purports to have done. FMI is entitled to know exactly what these "inspections" consisted of, who did them, whether they were trained and how, whether there were written guidelines, who was responsible for ensuring compliance with such guidelines, etc. Global's objection that such responses would be "unduly burdensome" is specious –

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S MOTION TO COMPEL                                    *FMI Food Marketers, Int'l v. Global Seafoods*

Page 8                                                                                        Case No. 3:06-cv-00011 JWS

the information FMI is looking for could be garnered in a short, simple phone call. It is not just relevant, but central to the case, and FMI should not have had to wait to discover it until this late point in the case.

Interrogatory 15 clearly sought information on Global's total production, broken into quality grade of salmon. See Exh. 14. If Global did no grading of any sort, it should say so and provide information regarding its total production. If it did grade salmon using a different grading system, it should say so and provide the information broken into the grades it did use. Either way, quality and salmon grading issues are central to the case, and FMI cannot be denied this information.

Interrogatory 16 demands detailed information regarding Global's other 2005 contractual commitments. See Exh. 14. This request was not on its face limited to "pre-season contracts," "written contracts," or "contracts such as the FMI contract," as Global's response seems to indicate. FMI had a right of first refusal that, on its face, entitled FMI to the first opportunity to purchase any #1 pinks produced by Global in 2005. See Complaint. If Global sold pinks to anyone else in 2005, there was a contract, which could have been oral or written. FMI is entitled to detailed information about such contracts (including, but not limited to information regarding who Global sold to, when the agreement was made, all terms of the agreement, etc.) in order to pursue its claims based on the right of first refusal.

Interrogatory 17 demanded information regarding returns, claims, or other quality complaints – it was not, as Global appeared to assert, limited to "substantial items." See Exh. 14. If there were any claims, credits or returns, FMI is entitled to know about them. Global's averment that information would "probably" be in a room full of files

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S MOTION TO COMPEL                    *FMI Food Marketers, Int'l v. Global Seafoods*
Page 9                                           Case No. 3:06-cv-00011 JWS

somewhere comes nowhere close to discharging Global's responsibility to provide specific information in response to this request.

Interrogatories 18 and 19 sought information regarding Global's grading of fish – the terms "Grade 1, 2 and 3" were used because they appear in the Global contract. If Global did any grading at all into any categories, however, FMI is entitled to know about it.

Global's failure to provide this basic and clearly relevant information is deeply inappropriate. Worse still, it is part of a clear pattern of delay and recalcitrance in discovery - Global's practice has been to dribble out late responses that provide only inadequate objections, and to force FMI to drag information out of it through expensive and time-consuming letter writing campaigns. This vexatious approach has already significantly delayed FMI's prosecution of this action, obscured relevant and discoverable information, and inappropriately raised FMI's costs of litigation – indeed, FMI believes that this is the purpose of Global's approach. This Court should not allow such behavior.

### b.    REQUESTS FOR PRODUCTION

As with Global's approach to FMI's first set of requests for production, a pattern of inappropriate activity was repeated here. Global asserted dubious objections, and refused to provide documents until they were dragged out through costly and time-consuming letter-writing campaigns. The Court should sanction these inappropriate actions.

First, the objections. Global asserted relevance objections to RFPs # 27, 28, and 29. "Relevance" as applied to lines of inquiry in discovery, however, is an extremely

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S MOTION TO COMPEL                              *FMI Food Marketers, Int'l v. Global Seafoods*

Page 10                                                    Case No. 3:06-cv-00011 JWS

broad concept.  The Federal Civil Rules create a "broad right of discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth."  Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993).  As such, a discovery request need only be "'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.'"  Id. (quoting Fed.R.Civ.P. 26(b)(1)).  Moreover, "[r]elevance for purposes of discovery is defined very broadly."  Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998).  The Ninth Circuit has long relied upon the Supreme Court's pronouncement in Hickman v. Taylor that "[i]nformation is relevant to the subject matter if it might reasonably assist a party in evaluating the case, preparing for trial or facilitating settlement."  Hickman v. Taylor, 392 U.S. 485, 506-507, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

      The notion that Global's communications with the quality inspector specifically identified in the Complaint (RFP # 27) are not relevant is simply and obviously specious.  The notion that Global's discussions regarding the issues raised specifically in the Complaint are not relevant is simply and obviously specious (RFP #28).  The notion that Global's communications with other customers for 2005 pinks (RFP #29), given the fact that FMI had a right of first refusal as to all pinks produced in 2005 and has specifically alleged that Global was sending high quality pinks to such other customers, is simply and obviously specious.

      Global again asserted privilege objections.  Global again failed to produce a privilege log to document the propriety of such objections.

      Global again pulled out pedantic exceptions to the use of the commonly-

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S MOTION TO COMPEL      *FMI Food Marketers, Int'l v. Global Seafoods*

Page 11      Case No. 3:06-cv-00011 JWS

understood phrase "related to."  The notion that Global cannot figure out what "related to Global's efforts to mitigate [damages]" means is simply not credible.  The notion that Global cannot discern the meaning of "documents related to communications," where the RFP specifies such things as "e-mails" and "notes of telephone calls" is not credible.  The notion that Global cannot determine what documents are reasonably related to its own responses to earlier discovery requests is not credible.

Global again asserted complaints of "undue burden" that were unaccompanied by any reasonable explanation as to why or how the requests present such a burden and by any actual effort at production of any documents.  This again appears to be nothing more than kvetching about the burdens imposed by the Civil Rules.

The most significant point is that Global has once again produced <u>no documents</u>. It has failed to identify whether responsive documents exist as to each RFP and where such documents are actually located.

### B. **An Order Compelling Discovery Is Warranted Because Global's Actions Are Part of a Pattern of Recalcitrance**

An order compelling Global to respond to the FMI's interrogatories and ordering Global to pay FMI's costs and fees incurred in filing this motion is all the more appropriate here because Global's actions fall within a pattern and practice of vexatious recalcitrance in this case.  Global's vexatious actions and delays started with the initial disclosures.  Global was extremely late in providing its Rule 26 Initial Disclosures, and failed to provide any documents with those disclosures, even though counsel for Global had indicated that at least some responsive documents were located in Anchorage.  <u>See</u> Letters dated April 3 and May 16, 2006, attached hereto as **Exhibit 15**.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S MOTION TO COMPEL                                        *FMI Food Marketers, Int'l v. Global Seafoods*

Page 12                                                                                              Case No. 3:06-cv-00011 JWS

Similarly, Global's initial responses to FMI's First Discovery Requests not only failed to provide interrogatory responses, but failed to address the requests for production as well. See Exh. 2. Global asserted various objections, but mostly indicated an objection to producing documents anywhere but their office locations. Id. The only document production accompanying Global's initial response were three "exhibits," all of which were documents that had previously produced to Global by FMI. See Letter dated July 20, 2006, attached hereto as **Exhibit 16**. As described above, Global refused to provide interrogatory responses until they were forced to by threats of motions to compel, and even those responses have been inadequate.

Finally, as described above, Global's most recent discovery responses continue these same inappropriate patterns and practices. Global again dribbled out late responses providing only inadequate objections, forcing FMI to drag information out of it through expensive and time-consuming letter writing campaigns.

In short, FMI has had to drag even the most basic efforts at compliance out of Global, at significant expense to itself and at the cost of significant delay in the prosecution of this action. Despite FMI's extensive efforts and Global's extensive delay, however, Global has still not seen fit even to answer interrogatories or provide all documents. Global's vexatious approach has already significantly delayed FMI's prosecution of this action, obscured relevant and discoverable information, and inappropriately raised FMI's costs of litigation – indeed, FMI believes that this is the purpose of Global's approach. There is no justification for Global's actions, and its refusal to provide discovery even after significant efforts at obtaining such discovery

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S MOTION TO COMPEL    *FMI Food Marketers, Int'l v. Global Seafoods*

Page 13    Case No. 3:06-cv-00011 JWS

without court intervention demonstrates a clear need for court intervention here.[3]

## III.   CONCLUSION

Global should be ordered to produce full and complete responses to the identified requests for production and interrogatories immediately, should be forced to report to the Court regarding its efforts to and success at locating potentially destroyed documents, and should be further ordered to pay FMI's costs and attorneys fees incurred in bringing this motion, along with such other and further relief as the Court deems appropriate.

DATED this _____ day of November, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP


By: /s/Michael R. Mills
   Michael R. Mills, ABA# 8911074
   Michael A. Grisham, ABA# 9411104
   DORSEY & WHITNEY LLP
   1031 West Fourth Avenue, Suite 600
   Anchorage, AK 99501-5907
   (907) 276-4557

---

[3] Global's discovery recalcitrance is of a piece with its behavior toward FMI generally, as described specifically in FMI's detailed complaint. FMI believes that Global's actions in discovery are part of a calculated effort to use the legal process as a means to delay and increase the costs of FMI's eventual recovery from Global.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S MOTION TO COMPEL                         *FMI Food Marketers, Int'l v. Global Seafoods*

Page 14                                              Case No. 3:06-cv-00011 JWS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 22, 2006, a true and correct copy of this document was served on:

Mark C. Manning
431 West 7th Avenue, Suite 204
Anchorage, AK  99501

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

/s/ Michael R. Mills
Michael R. Mills

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557