Michael R. Mills, ABA# 8911074
Michael A. Grisham, ABA# 9411104
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for FMI Food Marketers International, Ltd.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

FMI FOOD MARKETERS
INTERNATIONAL, LTD.

                            Plaintiff

vs.

GLOBAL SEAFOODS NORTH
AMERICA, LLC

                          Defendant

**DOCKETED**

Case No. 3:06-CV-00011 JWS

### PLAINTIFF'S FIRST DISCOVERY REQUESTS

Plaintiff FMI Food Marketers International, Ltd., ("FMI") hereby submits the following Requests for Admission, Requests for Production, and Interrogatories to Defendant Global Seafoods North America, LLC ("Global"). These discovery requests are governed by the Federal Rules of Civil Procedure and the following definitions and instructions.

## I.    GENERAL DEFINITIONS

    A.    The word "person" refers to and includes any natural person, firm, association, partnership, joint venture, corporation, company, estate, trust, receiver,

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

MAG
Client

Exhibit 1
Page 1 of 36

syndicate, proprietorship, and municipal or other governmental corporation or agency, including groups and combinations of the same acting as a unit.

B.     The term "document" as used herein refers to and includes any and all manner of written, typed, printed, reproduced, or filmed material recorded in any physical, magnetic, or electronic format, pertaining to, describing, referring to, addressing, summarizing, or relating to, directly or indirectly, in whole or in part, the subject matter or the particular subject of inquiry, which "document" is in your possession, custody, or control or the possession, custody, or control of your agent, servant, or employee, including, without limitation, the following: agreements, contracts, proposals, bids, memoranda, orders, drafts, letters, e-mails, telexes, telegrams, billings, receipts, invoices, drawings, plans, notes, log books, diaries, reports, surveys, messages, summaries, or any other writings or tangible things on which any handwriting, typing, printing, photostatic, or other form of communication may be recorded or reproduced, as well as all notations on the foregoing, including originals, all file copies, and all other copies of the foregoing, together with all drafts or notes (whether typed, handwritten, or otherwise) made or prepared in connection with such documents, whether used or not.

C.     The term "describe" and/or "describe in full detail" means to fully, faithfully, and accurately set forth every fact and circumstance, including omissions, which in any way relates to a matter of inquiry.

D.     The terms "you" and "your" refer to each and every party to whom this discovery is propounded and all persons and entities acting for them, including employees, officers, agents, family members, independent contractors, and other persons

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

*FMI Food Marketers, Int'l v. Global Seafoods*




Exhibit \
Case No. 3:06-cv-00011 JWS
Page ___ of ___

and entities under the control of Global Seafoods North America, LLC, in any professional, personal, or business capacity, or under the control of any business entity owned or controlled by Global.

      E.     The phrase "describe with particularity" means to set out every aspect of every fact, circumstance, act, omission, or course of conduct known to the party to whom these requests are directed and relating in any way to the matter inquired about, including, without limitation, the date and place thereof, the identity of each person present thereat, connected therewith, or who has knowledge thereof, the identity of all writings relevant thereto, and if anything was said by any person, and if the oral statement, in whole or in part, constituted or was contained or reported, summarized, or referred to in any writing, the identity of each such writing.

      F.     The phrase "Global Contract" is accorded the same definition as found in Paragraphs 6 and 7 of FMI's Complaint.

## II.    INSTRUCTIONS WITH RESPECT TO INTERROGATORIES

      A.     Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, you are hereby requested and required, within thirty (30) days after service of these interrogatories, to serve upon Dorsey & Whitney LLP answers or objections to the interrogatories propounded in the manner, substance, and form provided for in Civil Rules 26 and 33.

      B.     If you are unable to answer any interrogatory completely, please so state and answer to the extent possible, setting forth the reasons for your inability to answer

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

*FMI Food Marketers, Int'l v. Global Seafoods*

Exhibit
Page
Case No. 3:06-cv-00011 JWS

more fully, and state whatever knowledge or information you do in fact have concerning the unanswered portion(s).

C.    Whenever you are asked the identity of or to identify a person, and whenever an answer to an interrogatory contains a reference to a person, please state with respect to each such person:

1.    his or her name and current residence address;

2.    his or her current business affiliation and titles;

3.    his or her current business address or, if that is unknown, his last known business address; and

4.    the business affiliation, business address, and the current title of such person with respect to the business, organization, or entity with which he or she was associated and the capacity in which he or she acted in connection with the subject matter of this interrogatory.

D.    Whenever you are asked the identity of or to identify a document, and whenever you refer to a document, or whenever the answer to an interrogatory contains a reference to a document, please append a copy of the document to your answers to these interrogatories if you will do so without a separately filed request for production. If you are unwilling to do so, with respect to each document, please state the following:

1.    its nature (e.g., letter, memorandum, photograph, etc.);

2.    its title or designation;

3.    the date it bears;

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S FIRST DISCOVERY REQUESTS

Page 4

*FMI Food Marketers, Int'l v. Global Seafoods*

Exhibit ____1____
Case No. 3:06-cv-00011 JWS
Page ____ of ____

   4.  the name, title, business affiliation, and business address of the person preparing it and the person executing it;

   5.  a statement of the subject and substance of the document;

   6.  a precise description of the place where such document is presently kept, including:

    a.  the title or the description of the file in which such document would be found, and

    b.  the exact location of such file;

   7.  the name, title, business affiliation, and business address of each person who presently has custody of such document; and

   8.  whether you claim any privilege as to such document and, if so, a precise statement of the facts upon which said claim of privilege is based.

## III. INSTRUCTIONS WITH RESPECT TO REQUESTS FOR PRODUCTION

   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, you are requested to permit Dorsey & Whitney LLP, or someone acting on its behalf, to inspect and copy the documents and things specified herein at the offices of Dorsey & Whitney LLP, 1031 West 4th Avenue, Suite 600, Anchorage, Alaska 99501, or such other place as Dorsey & Whitney LLP may agree, on or before the thirtieth (30th) day after service of these requests.  These requests are directed at original documents, if originals exist, unless Dorsey & Whitney LLP agrees that true, complete and completely legible copies are acceptable.  Any agreement to accept copies in lieu of original documents shall not

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS

operate to waive Dorsey & Whitney LLP's right to require production of original documents if copies provided are not satisfactory to Dorsey & Whitney LLP.

## IV.    INSTRUCTIONS WITH RESPECT TO REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, you are hereby requested and required, within thirty (30) days after service of this request, to serve upon Dorsey & Whitney LLP answers or objections to the requests for admission propounded herein, in the manner, substance, and form provided for in Civil Rule 36.

## V.    DUTY TO SUPPLEMENT RESPONSES

The following discovery requests are governed by the Federal Rules of Civil Procedure and these Instructions. Civil Rule 26(e) imposes upon you an affirmative duty to supplement any of your responses to the following discovery requests in the event that you should subsequently discover that any of your responses are incorrect, incomplete, misleading, or no longer correct, or in the event you acquire access to any documents, things, or information prior to the time of the trial that would make any of your initial answers to any of these discovery requests incorrect, misleading, or incomplete in light of such additional documents, things, or information.

## VI.    DISCOVERY REQUESTS

### REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1

Admit that Global requested funds from FMI to cover the expenses of the product inspection described in Global's Answer at Paragraph 24.

RESPONSE:

*FMI Food Marketers, Int'l v. Global Seafoods*

Exhibit

Page No.3:06-cv-00011-JWS

REQUEST FOR ADMISSION NO. 2

Admit that FMI provided Global with funds to cover the expenses of the product inspection described in Global's Answer at Paragraph 24.

RESPONSE:


REQUEST FOR ADMISSION NO. 3:

Admit that the documents attached to FMI's Complaint as Exhibits A and B (marked as FMI 00013 and 00014 - 15, and also attached hereto as Exhibits A and B) comprise the entire written agreement between FMI and Global.

RESPONSE:


REQUEST FOR ADMISSION NO. 4:

Admit that Global has been paid for all fish actually delivered and accepted under the Global Contract.

RESPONSE:

Exhibit 1
Page 7 of 36

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S FIRST DISCOVERY
REQUESTS

Page 7

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS

REQUEST FOR ADMISSION NO. 5

Admit that Global is not retaining possession of the $110,000 deposit described in your Answer (at Paragraph 26) based on any claim that it has not been paid for any fish that were delivered and accepted.

RESPONSE:


REQUEST FOR ADMISSION NO. 6

Admit that FMI was required to produce fish that conformed to the quality specifications of the Global Contract.

RESPONSE:


REQUEST FOR ADMISSION NO. 7

Admit Global understood, at the time it entered the Global Contract, the meaning of the Alaska Seafood Marketing Institute ("ASMI") quality ratings for pink salmon meat and skin condition that are referenced in the Global Contract.

RESPONSE:

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Exhibit 1
Page 8 of 36

PLAINTIFF'S FIRST DISCOVERY
REQUESTS

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS

REQUEST FOR ADMISSION NO. 8:

Admit that FMI had the right to have inspections performed to verify the quality of the fish produced by Global.

RESPONSE:

REQUEST FOR ADMISSION NO. 9

Admit that Global refused to allow FMI or any of FMI's designees (including FMI's broker or end customers) to inspect fish produced by Global until Global received full payment.

RESPONSE:

REQUEST FOR ADMISSION NO. 10

Admit that Global, not FMI, selected and purchased the vacuum cleaning machine described in Paragraph 17 of your Answer.

RESPONSE:

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Exhibit 1
Page 9 of 36

REQUEST FOR ADMISSION NO. 11

Admit that the letter of credit mechanism referred to in Paragraphs 12 and 13 of your Answer provided a limited period of time within which the documents necessary to trigger payment could be presented.

RESPONSE:

REQUEST FOR ADMISSION NO. 12

Admit that Global was aware that the letter of credit mechanism referred to in Paragraphs 12 and 13 of your Answer provided a limited period of time within which the documents necessary to trigger payment could be presented.

RESPONSE:

REQUEST FOR ADMISSION NO. 13

Admit that Global is not retaining possession of the $110,000 deposit made by FMI on or about September 29, 2005, due to any amount due for product shipped on or after the date of the deposit.

RESPONSE:

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Exhibit ___1___
Page _10_ of _36_

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS

REQUEST FOR ADMISSION NO. 14

Admit that Global processed #1 quality (as that phrase is used in the Global Contract) pink salmon in 2005 that it did not offer to sell to FMI.

RESPONSE:


REQUEST FOR ADMISSION NO. 15

Admit that Wolfgang Plath (Thailand) Ltd. is a company experienced in inspecting seafood to determine whether the seafood meets established quality standards.


RESPONSE:


REQUEST FOR ADMISSION NO. 16

Admit that FMI and Global utilized a letter of credit payment mechanism in 2004 that allowed Global to be paid upon presentation of certain specified documents.

RESPONSE:


REQUEST FOR ADMISSION NO. 17

Admit that the letter of credit mechanism utilized by FMI and Global in 2004 required that the specified documents be presented within a specific time frame.

Exhibit 1

Page 11 of 36

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

RESPONSE:

REQUEST FOR ADMISSION NO. 18

Admit that the letter of credit mechanism utilized between FMI and Global in 2005 (i.e where the letter of credit is payable upon presentation of specific documents within a specific time frame) is a common payment mechanism in Global's business (i.e., the international export of processed fish).

RESPONSE:

REQUEST FOR ADMISSION NO. 19

Admit that the letter of credit payment mechanism used between Global and FMI in 2005 was substantially similar to the one used between Global and FMI in 2004.

RESPONSE:

REQUEST FOR ADMISSION NO. 20

Admit that the letter of credit utilized with respect to the First Shipment (as referred to in Paragraph 23 of FMI's Complaint) required Global to present the specified documents within 8 days after the date of shipment.

RESPONSE:

Exhibit 1

REQUEST FOR ADMISSION NO. 21

Admit that Global's performance under the Global Contract is governed by the United Nations Convention on Sale of International Goods.

RESPONSE:


REQUEST FOR ADMISSION NO. 22

Admit that Global was aware, at or around the date of shipment, that the letter of credit for the First Shipment required Global to present the specified documents within 8 days after the date of shipment.

RESPONSE:


REQUEST FOR ADMISSION NO. 23

Admit that, with respect to the First Shipment, Global did not present the documents required by the letter of credit within 8 days after the date of shipment.

RESPONSE:


REQUEST FOR ADMISSION NO. 24

Admit that Global was paid in full for the First Shipment (as described in Paragraph 23 of the Complaint).

Exhibit \_\_\_1\_\_\_

Page \_\_13\_\_ of \_\_36\_\_

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

RESPONSE:

### REQUEST FOR ADMISSION NO. 25

Admit that the letter of credit used with respect to Global's Third Shipment (see FMI's Complaint at ¶33) required Global to present the specified documents within 8 days after the date of shipment.

RESPONSE:

### REQUEST FOR ADMISSION NO. 26

Admit that Global was aware that the letter of credit for the Third Shipment required Global to present the specified documents within 8 days after the date of shipment.

RESPONSE:

### REQUEST FOR ADMISSION NO. 27

Admit that, with respect to the Third Shipment, Global did not present the documents required by the letter of credit within 8 days after the date of shipment.

RESPONSE:

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Exhibit ___1___
Page __14__ of __36__

PLAINTIFF'S FIRST DISCOVERY
REQUESTS

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS

### REQUEST FOR ADMISSION NO. 28

Admit that FMI requested Global to allow FMI's designees (who were FMI's end customers) to perform a quality inspection of the Third Shipment.

RESPONSE:

### REQUEST FOR ADMISSION NO. 29

Admit that Global refused to allow any quality inspection of the Third Shipment unless it first received full payment for the Third Shipment.

RESPONSE:

### REQUEST FOR ADMISSION NO. 30

Admit that the letter of credit used with respect to Global's Fourth Shipment (see Complaint at ¶38) required Global to present the specified documents within 8 days after the date of shipment.

RESPONSE:

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Exhibit ___1___
Page ___15___ of ___36___

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS

REQUEST FOR ADMISSION NO. 31

Admit that Global was aware that the letter of credit for the Fourth Shipment required Global to present the specified documents within 8 days after the date of shipment.

RESPONSE:

REQUEST FOR ADMISSION NO. 32

Admit that Global informed FMI on November 4, 2005 that Global had sold the seven containers of pink salmon from the Third Shipment to a buyer other than FMI. *See* Exh. C, FMI 00420-421.

RESPONSE:

REQUEST FOR ADMISSION NO. 33

Admit that, with respect to the Fourth Shipment, Global did not present the documents required by the letter of credit within 8 days after the date of shipment.

RESPONSE:

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Exhibit 1
Page 16 of 36

PLAINTIFF'S FIRST DISCOVERY
REQUESTS

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS

REQUEST FOR ADMISSION NO. 34

Admit that FMI requested Global to allow FMI's designees (who were FMI's end customers) to perform a quality inspection of the Fourth Shipment.

RESPONSE:

REQUEST FOR ADMISSION NO. 35

Admit that Global refused to allow any quality inspection of the Fourth Shipment unless it first received full payment for the Fourth Shipment.

RESPONSE:

REQUEST FOR ADMISSION NO. 36

Admit that FMI had a right of first refusal to purchase all #1 quality pink salmon produced by Global in 2005.

RESPONSE:

REQUEST FOR ADMISSION NO. 37

Admit that that the following documents sent to you as part of FMI's Initial Disclosures are true and correct copies of documents created or received by Global in the course of Global's business:

Exhibit 1
Page 17 of 36

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

| FMI 00023 | FMI 00024-25 | FMI 00034-36 |
| FMI 00044 | FMI 00052 | FMI 00071 |
| FMI 00072 | FMI 00077 | FMI 00118-19 |
| FMI 00135-37 | FMI 00210 | FMI 00216-17 |
| FMI 00218-19 | FMI 00221 | FMI 00231 |
| FMI 00232 | FMI 00233 | FMI 00240-42 |
| FMI 00243 | FMI 00244 | FMI 00245 |
| FMI 00259 | FMI 00260 | FMI 00261 |
| FMI 00263 | FMI 00269 | FMI 00274 |
| FMI 00275 | FMI 00281 | FMI 00284 |
| FMI 00285 | FMI 00289-90 | FMI 00291-93 |
| FMI 00294 | FMI 00295 | FMI 00296 |
| FMI 00305 | FMI 00310 | FMI 00319 |
| FMI 00320 | FMI 00321 | FMI 00322 |
| FMI 00323 | FMI 00358-61 | FMI 00370 |
| FMI 00371-75 | FMI 00376 | FMI 00382-83 |
| FMI 00387-88 | FMI 00392-94 | FMI 00427-29 |

<u>RESPONSE:</u>

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Exhibit ___1___
Page _18_ of _36_

PLAINTIFF'S FIRST DISCOVERY
REQUESTS

*FMI Food Marketers, Int'l v. Global Seafoods*

### REQUEST FOR ADMISSION NO. 38

Admit that the market price for pink salmon increased between April 29, 2005, and October 1, 2005.

RESPONSE:

### REQUEST FOR ADMISSION NO. 39

Admit that the market price for pink salmon was rising from the time Global entered the Global Contract through the end of 2005.

RESPONSE:

### REQUEST FOR ADMISSION NO. 40

Admit that Global was able to sell all of the pink salmon it processed in 2005.

RESPONSE:

### REQUEST FOR ADMISSION NO. 41

Admit that all of the #1 quality pink salmon Global sold to buyers other than FMI in 2005 was for a price higher than the Global Contract price.

RESPONSE:

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S FIRST DISCOVERY
REQUESTS

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS

Exhibit 1
Page 19 of 36


## INTERROGATORIES

INTERROGATORY NO. 1

Describe in detail each and every fact and/or averment supporting Global's position that it has a right to continue to hold FMI's $110,000 "deposit" payment. Your response should include a specific description of any amount Global asserts it is owed by FMI, or which Global claims a right to offset against the $110,000 deposit.

RESPONSE:

INTERROGATORY NO. 2:

Describe in detail Global's total production and sales of pink salmon in 2005 (of all quality levels), including: the total quantity of #1 quality pink salmon processed by Global in 2005; a specific description of each and every sale of #1 quality frozen pink salmon made by Global in 2005 (including, without limitation, the identity of the purchaser (name, address, contact person), the date of purchase, the quantity sold, the price received, the terms of sale, and whether the product had been originally included in the Third or Fourth Shipments described in FMI's Complaint).

RESPONSE:

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S FIRST DISCOVERY
REQUESTS

Page 20

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS

Exhibit ___1___
Page ⟨20⟩ of ⟨36⟩

### INTERROGATORY NO. 3

Describe in detail each and every fact supporting your assertion that the pink salmon processed by Global met the requirements of the Global Contract.

RESPONSE:

### INTERROGATORY NO. 4

Describe in detail what Global intended to mean by inserting the word "outside" into the February 16, 2005 acceptance of the Global Contract (FMI 00013, 00014-15).

RESPONSE:

### INTERROGATORY NO. 5

Explain what additional terms of sale Global believes exists that Global implies by the phrase "though not necessary all terms of sale" in paragraph 11 of its Amended Answer and Counterclaim, which description should include the nature of such terms, who proposed them, what consideration was offered in exchange for such terms, and how the other party manifested its consent to such terms.

RESPONSE:

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS


Exhibit 1
Page 21 of 26

## INTERROGATORY NO. 6

Describe in detail all facts supporting or related to your assertion that FMI failed seasonably to provide letters of credit.

RESPONSE:

## INTERROGATORY NO. 7

Describe in detail all facts supporting or related to your assertion that FMI obstructed timely presentation of documents for payment on letters of credit.

RESPONSE:

## INTERROGATORY NO. 8

Describe in detail all efforts made by Global to sell or resell the Third Shipment (i.e. the 7 containers of fish described in Paragraph 28 of your Answer). Your answer should include a complete description of: the party or parties with whom Global communicated regarding the sale of the 7 containers; a specific description of any offers made (including party making offer, price, terms and conditions, date made, and response); the results of the offer; and how Global came to offer the same fish to FMI in December of 2005.

RESPONSE:

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557



Exhibit ___1___
Page _22_ of _36_

## INTERROGATORY NO. 9

Describe in detail all facts supporting or related to your averments in Paragraph 25 of your Answer that Global informed FMI that the letter of credit mechanism was "unsatisfactory" and that the "letter of undertaking form" had "deficiencies." Your answer should include: a description of exactly how the letter of credit mechanism was "unsatisfactory;" a description of exactly what the "deficiencies" were in the "letter of undertaking form;" a description of how Global informed FMI of these issues (i.e. the identity of the Global representative, the identity of the FMI representative, the date the communication was allegedly made, the format of the communication, the specific substance of the communication, and the specific substance of the response).

RESPONSE:



## INTERROGATORY NO. 10

Describe in detail any and all complaints that Global received regarding the quality of pink salmon processed by Global in 2005 (other than from FMI), including but not limited to: the party making the complaint, the date, the specific complaint made, the type and quantity of fish purchased by the complaining party, the details of shipment, Global's response to the complaint, whether any quality inspection was performed, the date, nature, and results of any such inspection, and how the complaint was resolved.

RESPONSE:

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S FIRST DISCOVERY
REQUESTS

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS


Exhibit  1
Page  22  of  31

### INTERROGATORY NO. 11

In light of the terms of the Global Contract, describe in detail any claim of right or justification under which Global sold "significant qualities of processed salmon to other customers in 2005" to the extent "processed salmon" includes #1 quality pink salmon?

RESPONSE:

### INTERROGATORY NO. 12

Explain why Global asserts in paragraph 32 of its Amended Answer and Counterclaim that "it did not expressly offer FMI any processed fish over and above the 1,000.00 MT ± 10.0T FMI apparently wanted . . ." when the Global Contract specifically acknowledges FMI's right of first refusal.

RESPONSE:

### INTERROGATORY NO. 13

Describe in detail each and every claim of right or justification under which Global withheld the release of "documents concerning certain shipped containers" until it received a "$110,000 deposit for future deliveries," as described in Paragraph 25 of your Answer.

RESPONSE:

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S FIRST DISCOVERY
REQUESTS

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS



## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Produce a copy of the inspection report referred to in Paragraph 24 of your Answer, along with all documents relating to or prepared in conjunction with that report (including but not limited to internal file notes, photographs, graphs, spreadsheets, pre- and post-inspection communications with the inspector of any type (emails, letters, memos, etc.), documents regarding arrangements for conducting the inspection, etc.).

RESPONSE:

### REQUEST FOR PRODUCTION NO. 2

Produce any and all reports of any quality inspections performed on any frozen pink salmon processed by Global in 2005.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 3

Produce any and all documents supporting, related to, or referring to your response to any Request for Admission above, specifying which document is responsive to which Request for Admission.

RESPONSE:

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Exhibit ___1___
Page _25_ of _36_

### REQUEST FOR PRODUCTION NO. 4

Produce all documents supporting or related to your response to Interrogatory No.

1.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5

Produce all documents supporting or related to your response to Interrogatory No.

2.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6

Produce all documents supporting or related to your response to Interrogatory No.

3.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 7

Produce all documents supporting or related to your response to Interrogatory No.

4.

### RESPONSE:

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S FIRST DISCOVERY
REQUESTS

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS

Exhibit
Page 26 of 36

REQUEST FOR PRODUCTION NO. 8

Produce all documents supporting or related to your response to Interrogatory No.

5.

RESPONSE:

REQUEST FOR PRODUCTION NO. 9

Produce all documents supporting or related to your response to Interrogatory No.

6.

RESPONSE:

REQUEST FOR PRODUCTION NO. 10

Produce all documents supporting or related to your response to Interrogatory No.

7.

RESPONSE:

REQUEST FOR PRODUCTION NO. 11

Produce all documents supporting or related to your response to Interrogatory No.

8.

RESPONSE:

*FMI Food Marketers, Int'l v. Global Seafoods*

Page 27 of 36

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

## REQUEST FOR PRODUCTION NO. 12

Produce all documents supporting or related to your response to Interrogatory No. 9.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 13

Produce all documents supporting or related to your response to Interrogatory No. 10.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 14

Produce all documents supporting or related to your response to Interrogatory No. 11.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 15

Produce all documents supporting or related to your response to Interrogatory No. 12.

RESPONSE:

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S FIRST DISCOVERY
REQUESTS

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS

Exhibit 1
Page 28 of 36

REQUEST FOR PRODUCTION NO. 16

Produce all documents supporting or related to your response to Interrogatory No.

13.

RESPONSE:

REQUEST FOR PRODUCTION NO. 17

Produce all documents referring or related to FMI or the Global Contract.

RESPONSE:

REQUEST FOR PRODUCTION NO. 18

Produce all documents mentioning, referring to, or relating to those shipments of

processed pink salmon described in the Complaint as the First, Second, Third, and Fourth

Shipments.

RESPONSE:

REQUEST FOR PRODUCTION NO. 19

Produce all documents mentioning, related to, or referring to any letter of credit

relevant to the dealings between FMI and Global in 2005.

RESPONSE:

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S FIRST DISCOVERY
REQUESTS

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS

Exhibit ___1___
Page _29_ of _36_

REQUEST FOR PRODUCTION NO. 20

Produce all documents relating to any averment made in your Answer, stating which averment each document supports, refers to, or relates to.

RESPONSE:

REQUEST FOR PRODUCTION NO. 21

Produce all fish tickets for the 2005 season related to Global's purchase of pink salmon.

RESPONSE:

REQUEST FOR PRODUCTION NO. 22

Produce all tender reports or communications with tenders related to Global's purchase of pink salmon in 2005.

RESPONSE:

REQUEST FOR PRODUCTION NO. 23

Produce any FDA inspection reports related to Global's 2005 production of pink salmon.

RESPONSE:

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

PLAINTIFF'S FIRST DISCOVERY REQUESTS

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS



DATED this <u>7th</u> day of June, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By: <u>/s/Michael A. Grisham</u>
    Michael R. Mills, ABA# 8911074
    Michael A. Grisham, ABA# 9411104
    DORSEY & WHITNEY LLP
    1031 West Fourth Avenue, Suite 600
    Anchorage, AK 99501-5907
    (907) 276-4557

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 7, 2006, a
true and correct copy of this document was served on:

Mark C. Manning
431 West 7th Avenue, Suite 204
Anchorage, AK 99501

by first class regular mail, if noted above, or by electronic
means through the ECF system as indicated on the Notice
of Electronic Filing.

                    /s/ Michael A. Grisham
Michael A. Grisham

*FMI Food Marketers, Int'l v. Global Seafoods*

Case No. 3:06-cv-00011 JWS

Exhibit 1
Page 31 of 36

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

TOTAL P.01



FOOD MARKETERS INTERNATIONAL LTD.

e-mail: bholme@salmoncanada.com
web:    www.salmoncanada.com

#233 · 11951 Hammersmith Way,
Richmond, B.C. V7A 5H9
Canada
Tel: (604) 275-3654

Fax: (604) 275-3624

**ADDENDUM to Purchase Confirmation #FMI-224**

Date:  APR 2 9 2005

To:    Global Seafoods North America
       11100 NE 8th Street    #310
       Bellevue, WA 98004
       USA

Attention:  Mr. Oleg Nikitenko  - President

1:  It is understood and agreed that price of subject contract is now increased
    to:  US$ 1,320.00/MT c&f China (Qingdao/Dalian/Ningbo) provided Global
    guarantee to supply all 1,000 MT #1 quality Pink Salmon as originally
    contracted against #FMI-224.

2:  That Buyer (Food Marketers International Ltd.) shall have  "First right
    of refusal"  if/when any additional Global #1 quality Pinks become available
    (subsequent to completion and shipment of first produced 1,000 MT)  sub-
    ject to final price agreement.

All other terms and conditions of original #FMI-224 of Feb 9, 2005, remain
unchanged.

Agreed:                          Agreed:

Global Seafoods North America    FMI Food Marketers International Ltd.

_____          _____
Oleg Nikitenko  - President      Bent Holme  - Export Manager

                                 APR 2 9 2005

Page 32 of 36

EXHIBIT

Page  1  of  1

MAY-02-2005  11:33    GLOBAL SEAFOODS

FMI 00013

**FMI**

FOOD MARKETERS INTERNATIONAL LTD.

e-mail:  bholme@salmoncanada.com
web:  www.salmoncanada.com

#233 - 11951 Hammersmith Way,
Richmond, B.C.  V7A 5H9
Canada
Tel: (604) 275-3554

Fax: (604) 275-3524

## PURCHASE CONFIRMATION #FMI-224  (amended)

**Date:**  February 9, 2005

**To:**  Global Seafoods North America
11100 NE 8ᵗʰ Street  #310
Bellevue, WA 98004
USA

**Attention:**  Mr. Oleg Nikitenko  -  President

With reference to telcon and our e-mail dated February 7, 2005, we hereby
re-confirm having bought from you as follows as per this #FMI-224 (amended):

**Product:**  Alaskan Frozen Pink Salmon H&G  [Bloodline removed (*) ]
of 2005 production.

**Size:**  Average 900 gr.  (min. 750 gr.)  per fish.

**Quantity:**  min. 1,000 MT (+/- 10%)

**Price:**  US$ 1,150.00/MT c&f Qingdao or Dalian (China).

**Shipment:**  Spread ex Kodiak (Alaska) during Jul/Aug/Sep/Oct, 2005.

**Packing:**  16 kg blocks (in bags  -  marked in Chinese symbols).

**Payment:**  By our Transferable Letters of Credit to be opened prior to
shipments and payable "At Sight"

**Note:**  (*)  -  FMI agree to finance Vacuum cleaning system required
for Bloodline removal (valued at:  about US$ 50,000 fob
point of shipment) for your repayment by deductions off
product cost for first 10 x 40' FCL at min. US$ 5,000
per container.  In any event, full/final repayment of said
US$ 50,000 to be completed not later than Oct 31, 2005.

**Quality:**  a: Meat color:  ASMI  P.3/up
b: Skin color:  ASMI  "A" - "D" (possibly few "E")
c: Jelly/chalky condition and severe bruising not permitted.

outside

EXHIBIT  B

Page  1  of  2            FMI 00014

Page 2 of 2

Documents
required:        1: Original Commercial Invoice 3/3
                2: Original Packing List 3/3
                3: Clean on-board Ocean B/L  3/3  issued: "To order"
                   Notify:    (to be advised)
                   B/L to state: "Freight prepaid" and stowage
                   temperature:  -18C or lower
                4: "Certificate of Origin"  issued by USDC or similar USA
                   Govt. body.
                5: "Health Certificate"  issued by USDC or similar USA
                   body.
                6: Non-wood packing material declaration.

Remark:        Claims (if any) to be submitted in writing within 15 days after
               arrival of goods at final destination in China.


Agreed:                        Agreed:

Producer/Seller:               Buyer:

Global Seafoods North America  FMI Food Marketers International Ltd.


X _____  _____
Oleg Nikitenko - President      Bent Holme - Export Manager
Feb 16 2005                     FEB - 9 2005

EXHIBIT B
Page 2 of 2

FMI 00015

Redacted

-----Original Message-----
**From:** Oleg Nikitenko [mailto:oleg@globalseafoods.com]
**Sent:** November 4, 2005 10:23 AM
**To:** 'Harry Guenther'
**Cc:** 'Thomas Hennessey'
**Subject:** RE: Blood out h&g Pink Salmon

Page 1
Page 35 of 36

EXHIBIT C
Page 1 of 2

11/15/2005

FMI 00420

I assume you do not have problems with blood line remove product. It is good news. You did not pay for report, you pay expececes, which I had to send Johnson to see product.

Please, be advices that last 7 containers was sold and shipped, as soon as we receive money we will be happy to return you deposit minus demurrage, extra shipping and Johnson fees (my estimation total extra expenses around $50-60,000). If you are ready to settle on this way, let me know we prepare final settlement, if not I prefer use arbitrage court, it will safe money and time for both of us.

Best Regards

Oleg Nikitenko

---

**From:** Harry Guenther [mailto:harry@salmoncanada.com]
**Sent:** Friday, November 04, 2005 10:11 AM
**To:** Oleg Nikitenko
**Cc:** David M. Smart; George Wilson; Bent Holme
**Subject:** RE: Blood out h&g Pink Salmon

Where is the report from you that we paid for and asked for many times?

-----Original Message-----
**From:** Oleg Nikitenko [mailto:oleg@globalseafoods.com]
**Sent:** November 2, 2005 4:39 PM
**To:** 'Harry Guenther'; 'Bent Holme'
**Subject:** Blood out h&g Pink Salmon

Please, let me know inspection or feet back from buyer.

Best Regards

Oleg Nikitenko
11100 NE 8 street #310
Bellevue WA 98004 USA
Phone 1 425 451-0565
Fax    1 425 451-1067
www.globalseafoods.com

EXHIBIT _____ 1
Page 36 of 36

EXHIBIT _____ C
Page 2 of 2