Mark C. Manning
Mark C. Manning, P.C.
431 W. 7th Ave., Ste 204
Anchorage, Alaska 99501
(907) 278-9794 Fax: 278-1169
Counsel for Global Seafoods

**DOCKETED**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| FMI FOOD MARKETERS INTERNATIONAL, LTD, | ) ) ) | JUL 1 2 2006 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| GLOBAL SEAFOODS NORTH AMERICA, LLC | ) ) ) | |
| Defendants. | ) ) ) | No. 3:06-cv-00011 JWS |

### RESPONSES TO FMI'S FIRST REQUESTS FOR DISCOVERY

### REQUESTS FOR ADMISSION

REQUEST NO. 1:     Denied.

REQUEST NO. 2:     Denied.

REQUEST NO. 3:     Denied.

REQUEST NO. 4:     Denied.

REQUEST NO. 5:     Denied.

REQUEST NO. 6:     Denied.

REQUEST NO. 7:     Admitted that Global believed it understood. Otherwise denied.

REQUEST NO. 8:     Admitted that FMI had the right to reasonable inspection at an

Exhibit 2
Page 1 of 7

appropriate time and/or stage in the transaction.  Otherwise denied.

REQUEST NO.  9:    Denied.

REQUEST NO. 10:    Admitted.

REQUEST NO. 11:    Admitted as to express LOC terms.  Otherwise denied.

REQUEST NO. 12:    Admitted as to express LOC terms.  Otherwise denied.

REQUEST NO. 13:    Denied.

REQUEST NO. 14:    Admitted.

REQUEST NO. 15:    Denied.

REQUEST NO. 16:    Admitted as to express LOC terms.  Otherwise denied.

REQUEST NO. 17:    Admitted as to express LOC terms.  Otherwise denied.

REQUEST NO. 18:    Admitted.

REQUEST NO. 19:    Object to vagueness of "substantially." Denied.

REQUEST NO. 20:    Denied.

REQUEST NO. 21:    Objection- question of law.  Global believes that the contract is governed by the Convention, but that particular terms and other issues may be governed by state law.

REQUEST NO. 22:    Denied.

REQUEST NO. 23:    Admitted.

REQUEST NO. 24:    Admitted.

REQUEST NO. 25:    Denied.

REQUEST NO. 26:    Denied.

REQUEST NO. 27:    Admitted.

REQUEST NO. 28:    Admitted FMI requested a third party or parties be allowed to

Exhibit    2
Page    2    of    7

inspect.  Otherwise denied.

REQUEST NO. 29:  Denied.

REQUEST NO. 30:  Denied.

REQUEST NO. 31:  Denied.

REQUEST NO. 32:  Admitted.

REQUEST NO. 33:  Admitted.

REQUEST NO. 34:   Admitted FMI requested a third party or parties be allowed to inspect.  Otherwise denied.

REQUEST NO. 35:  Denied.

REQUEST NO. 36:  Denied.

REQUEST NO. 37:  Denied.

REQUEST NO. 38:   Objection- the market is not specified, nor is type of product. Denied pending receipt of specifications.

REQUEST NO. 39:   Objection- the market is not specified, nor is type of product. Denied pending receipt of specifications.

REQUEST NO. 40:  Denied.

REQUEST NO. 41:  Denied.

## INTERROGATORIES

INTERROGATORY NO. 2: Objection: this interrogatory elicits information that is not relevant to the subject matter involved in this action, not admissible, and not reasonably calculated to lead to the discovery of admissible evidence

INTERROGATORY NO. 10: Objection: this interrogatory elicits information that is not relevant to the subject matter involved in this action, not admissible, and not reasonably calculated to lead to the discovery of admissible evidence

## PRODUCTION REQUESTS

3

Exhibit    2
Page   3   of   7

REQUEST NO. 1:    Objection to production of any documents covered by the attorney-client and/or work product privileges.  Global objects to producing the documents requested at any location other than the location or locations at which they are maintained or stored in the ordinary course of business.

REQUEST NO. 2: Global objects to this request because it elicits items that are not relevant to the subject matter involved in this action, not admissible, and not reasonably calculated to lead to the discovery of admissible evidence.  Global objects to producing the documents requested at any location other than the location or locations at which they are maintained or stored in the ordinary course of business.

REQUEST NO. 3: Global objects to producing the documents requested at any location other than the location or locations at which they are maintained or stored in the ordinary course of business.

REQUEST NOS. 4- 16: Global objects to producing the documents requested at any location other than the location or locations at which they are maintained or stored in the ordinary course of business.

REQUEST NO. 17:  Global objects to this request because the words "all documents" fail to describe the items requested with reasonable particularity, in that the expression is not circumscribed by reference to any relevant, specific criteria bearing on issues in this action.  The request for material outside the foregoing scope is also objected to because it elicits items that are not relevant to the subject matter involved in this action, not admissible, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Global objects to use of "related to" and "referring to" as to too vague and indeterminate to ascertain the scope of their application. Further, Global objects that, to the extent that the request for "all" material exceeds what is reasonably warranted to document the issues contemplated by the request, the request is unduly burdensome, expensive, cumulative and duplicative.  Global objects to producing the documents requested at any location other than the location or locations at which they are maintained or stored in the ordinary course of business. To the extent production is required, Global objects to bearing the inordinate expense of the file research that will be required as being unduly burdensome. Global also objects to the production of documents and items covered by the attorney-client and work product privileges. This privilege pertains to, among other items, any investigator reports generated at the direction of counsel, client and witness interview notes prepared by or at the direction of counsel, sketches prepared by or at the direction of counsel, letters and faxes between counsel, any investigator working for counsel, any claims administrator or other insurance representative and/or Defendants' personnel, and file materials of defense counsel, Defendants and their insurers that contain portions of the foregoing information or that were prepared after the engagement of counsel in this matter.  FMI is invited to discuss with Global's counsel a more focused request that may meet FMI's needs.

4

Exhibit  2
Page  4  of  7

REQUEST NO. 18: Global objects to this request because the words "all documents" fail to describe the items requested with reasonable particularity, in that the expression is not circumscribed by reference to any relevant, specific criteria bearing on issues in this action. The request for material outside the foregoing scope is also objected to because it elicits items that are not relevant to the subject matter involved in this action, not admissible, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Global objects to use of "mentioning," "related to" and "referring to" as to too vague and indeterminate to ascertain the scope of their application. Further, Global objects that, to the extent that the request for "all" material exceeds what is reasonably warranted to document the issues contemplated by the request, the request is unduly burdensome, expensive, cumulative and duplicative. Global objects to producing the documents requested at any location other than the location or locations at which they are maintained or stored in the ordinary course of business. To the extent production is required, Global objects to bearing the inordinate expense of the file research that will be required as being unduly burdensome. Global also objects to the production of documents and items covered by the attorney-client and work product privileges. This privilege pertains to, among other items, any investigator reports generated at the direction of counsel, client and witness interview notes prepared by or at the direction of counsel, sketches prepared by or at the direction of counsel, letters and faxes between counsel, any investigator working for counsel, any claims administrator or other insurance representative and/or Defendants' personnel, and file materials of defense counsel, Defendants and their insurers that contain portions of the foregoing information or that were prepared after the engagement of counsel in this matter. FMI is invited to discuss with Global's counsel a more focused request that may meet FMI's needs.

REQUEST NO. 19: Global objects to this request because the words "all documents" fail to describe the items requested with reasonable particularity, in that the expression is not circumscribed by reference to any relevant, specific criteria bearing on issues in this action. The request for material outside the foregoing scope is also objected to because it elicits items that are not relevant to the subject matter involved in this action, not admissible, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Global objects to use of "mentioning," "related to" and "referring to" as to too vague and indeterminate to ascertain the scope of their application. Further, Global objects that, to the extent that the request for "all" material exceeds what is reasonably warranted to document the issues contemplated by the request, the request is unduly burdensome, expensive, cumulative and duplicative. Global objects to producing the documents requested at any location other than the location or locations at which they are maintained or stored in the ordinary course of business. To the extent production is required, Global objects to bearing the inordinate expense of the file research that will be required as being unduly burdensome. Global also objects to the production of documents and items covered by the attorney-client and work product privileges. This privilege pertains to, among other items, any investigator reports generated at the direction of counsel, client and witness interview notes prepared by or at the direction of counsel, sketches prepared by or at the direction of

Exhibit  2
Page  5  of  7

counsel, letters and faxes between counsel, any investigator working for counsel, any claims administrator or other insurance representative and/or Defendants' personnel, and file materials of defense counsel, Defendants and their insurers that contain portions of the foregoing information or that were prepared after the engagement of counsel in this matter. FMI is invited to discuss with Global's counsel a more focused request that may meet FMI's needs.

REQUEST NO. 20:  Global objects to this request because the words "all documents" fail to describe the items requested with reasonable particularity, in that the expression is not circumscribed by reference to any relevant, specific criteria bearing on issues in this action.  The request for material outside the foregoing scope is also objected to because it elicits items that are not relevant to the subject matter involved in this action, not admissible, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, Global objects to use of "relating to"as to too vague and indeterminate to ascertain the scope of their application. Further, Global objects that, to the extent that the request for "all" material exceeds what is reasonably warranted to document the issues contemplated by the request, the request is unduly burdensome, expensive, cumulative and duplicative.  Global objects to producing the documents requested at any location other than the location or locations at which they are maintained or stored in the ordinary course of business. To the extent production is required, Global objects to bearing the inordinate expense of the file research that will be required as being unduly burdensome. Global also objects to the production of documents and items covered by the attorney-client and work product privileges. This  privilege pertains to, among other items, any investigator reports generated at the direction of counsel, client and witness interview notes prepared by or at the direction of counsel, sketches prepared by or at the direction of counsel, letters and faxes between counsel, any investigator working for counsel, any claims administrator or other insurance representative and/or Defendants' personnel, and file materials of defense counsel, Defendants and their insurers that contain portions of the foregoing information or that were prepared after the engagement of counsel in this matter.  FMI is invited to discuss with Global's counsel a more focused request that may meet FMI's needs.

REQUEST NO. 21: Objection: this requests elicits documents that are not relevant to the subject matter involved in this action, not admissible, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, it would require Global to provide information that is top be kept confidential under Alaska law. Global objects to producing the documents requested at any location other than the location or locations at which they are maintained or stored in the ordinary course of business.

REQUEST NO. 22: Objection: this requests elicits documents that are not relevant to the subject matter involved in this action, not admissible, and not reasonably calculated to lead to the discovery of admissible evidence.  Global objects to producing the documents requested at any location other than the location or locations at which they are maintained or stored in the ordinary course of business.

6

REQUEST NO. 23: Objection: this requests elicits documents that are not relevant to the subject matter involved in this action, not admissible, and not reasonably calculated to lead to the discovery of admissible evidence.  In addition, it would require Global to provide information that is top be kept confidential under Alaska law. Global objects to producing the documents requested at any location other than the location or locations at which they are maintained or stored in the ordinary course of business.

DATED this 10th day of July, 2006, at Anchorage, Alaska.

MARK C. MANNING, P.C.
Counsel for Plaintiff

By: _____
        Mark C. Manning
        ABA No. 8110066

I certify that a copy of the foregoing
has been served by mail/hand/ fax on
   7 / 10 /06 on

Michael R. Mills
Michael A. Grisham
DORSEY & WHITNEY LLP
1031 W. 4th Avenue, Ste. 600
Anchorage, AK 99501-5907

7