

MICHAEL A. GRISHAM
(907) 257-7829
grisham.michael@dorsey.com

August 10, 2006

**VIA FACSIMILE (278-1169) AND FIRST-CLASS MAIL**

Mark Manning
Mark C. Manning, P.C.
431 West 7th Avenue, Suite 204
Anchorage, Alaska 99501

    Re:   *FMI Food Marketers Int'l v. Global Seafoods North America LLC*
           Discovery Issues

Dear Mark:

    I write to express FMI's disappointment and frustration with Global's discovery responses and approach to discovery in the above-referenced case. As detailed below, FMI believes Global's course of conduct in discovery falls far short of meeting the obligations imposed by the civil rules, and is of a piece with Global's overall bad faith course of conduct toward FMI. If Global does not remedy the discovery issues raised in this letter by Tuesday, August 15, 2006, FMI will be forced to file a motion to compel discovery and seek sanctions against Global.

## INTERROGATORIES

    Of the thirteen interrogatories served by FMI, Global deigned to even address only two, and even as to those two provided only a refusal to answer based on a relevance objection. Global has waived any objections to the eleven interrogatories it failed to address pursuant to the explicit provisions of Federal Civil Rule 33(b)(4). Moreover, Global's relevance objections to Interrogatories 2 and 10 are clearly meritless, and do not excuse its failure to provide any substantive response. FMI demands full and complete responses to such interrogatories.

    "Relevance" as applied to lines of inquiry in discovery is, as you are aware, an extremely broad concept. The Federal Civil Rules create a "broad right of discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993). As such, a discovery request need only be "'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.'" Id. (quoting Fed.R.Civ.P. 26(b)(1)). Moreover, "[r]elevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). The Ninth Circuit has long relied upon the Supreme Court's pronouncement in Hickman v. Taylor that "[i]nformation is relevant to the subject matter if it might reasonably assist a party in evaluating the case,

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 907.276.4557 • F 907.276.4152
1031 WEST FOURTH AVENUE • SUITE 600 • ANCHORAGE, ALASKA 99501-5907
USA   CANADA

Exhibit ___
Page __1__ of __4__

**DORSEY**

Mark Manning
August 10, 2006
Page 2

preparing for trial or facilitating settlement." <u>Hickman v. Taylor</u>, 392 U.S. 485, 506-507, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

      Interrogatory 2 requested specific information on Global's 2005 sales of #1 quality pink salmon to parties other than FMI. As you are aware, the contract at issue in this case provided FMI with a right of first refusal to purchase *all* #1 quality pink salmon produced by Global in 2005 – this information is obviously directly related to potential breaches of this contract provision by Global. Moreover, this information will shed light on issues central to FMI's other claims (including whether Global breached its agreement with FMI in order to obtain a higher price from other purchasers), and will identify other potential sources of information for depositions and other discovery. Global's averment that such information is not "relevant" is simply specious.

      Interrogatory 10 requested information regarding other quality complaints received by Global related to the pink salmon it produced in 2005. As FMI's detailed Complaint clearly shows, a key aspect of its claims against Global is that the pink salmon produced by Global in 2005 failed to meet the quality standards applicable to its contract with FMI. Quality complaints by others provides corroborating information and will identify other potential sources of information for depositions and other discovery. Again, Global's averment that such information is not "relevant" is specious.

      As Global has waived its objections to Interrogatories 1, 3-9, and 11-13, and as its relevance objections to Interrogatories 2 and 10 are clearly meritless, FMI demands full and complete responses to such interrogatories immediately.

<u>REQUESTS FOR PRODUCTION</u>

      Attached to Global's discovery responses were three "exhibits," all of which were documents previously produced to Global by FMI. Other than this, Global has produced no documents.

      I first attempted to communicate with you regarding obtaining documents by phone, and received no response to several messages. I then contacted you by letter as well, after which your secretary contacted me to arrange a phone conference on Tuesday July 25th at 10:00 am, which she informed me you would initiate. You called me 15 minutes after the scheduled time (at which point I was briefly away from my desk) and left a message, but did not return my subsequent calls. Your secretary again contacted me and we arranged a conference for Friday, July 28th. During that phone call, I indicated that we had a number of issues with your discovery responses, but that the main issue at that time was that we wanted to obtain copies of responsive documents, and that through reasonable document production we might be able to head off other discovery issues. You specifically indicated that, although other documents might remain in Global's Kodiak or Seattle locations or in the offices of ETS Cargo in Bellevue, you had a significant number of responsive documents in your possession in Anchorage. You also represented that you believed the documents in your possession included copies of all of the ETS Cargo documents. Also, you stated in response to a specific inquiry that you had a

Exhibit 3
DORSEY & WHITNEY LLP



Mark Manning
August 10, 2006
Page 3

copy of what we have been referring to as the inspection report by "QC Johnson" (although you disclaimed that label for the document). You promised to send these documents to Alaska Legal Copy to be copied and produced to FMI at our office. A week passed and you had not yet sent the documents to Alaska Legal. Despite an additional written request from me that you live up to your promise and send these documents to Alaska Legal, you still have not done so.

    Global's actions with respect to document production clearly fall far short of the obligations imposed by the Civil Rules (not to mention the standards of professional courtesy that are the norm in this jurisdiction). Global is obligated to inform FMI whether it has responsive documents and, if so, that it will permit inspection and copying of such documents. See Civil Rule 34(b). Your nearly universal objection that Global does not want to move its documents is not an excuse for Global's failure to inform FMI whether responsive documents exist and, if so, where they are so that FMI can review them. This "objection" certainly cannot excuse Global's failure to produce documents actually in your Anchorage office.

    The other objections raised by Global are equally unavailing. Global's privilege objections do not excuse its failure to produce a privilege log. Global's pedantic exceptions to the use of such commonly-understood words as "related to" or "referring to" does not excuse Global from making a good faith effort to identify and produce responsive documents. Global's complaints of "undue burden," unaccompanied as they are by any reasonable explanation as to why or how the requests present such a burden and by any actual effort at production of any documents, appears to be nothing more than kvetching about the burdens imposed by the Civil Rules. Finally, Global's invitation to "discuss ... a more focused request" appears, given Global's utter lack of responsiveness to counsel's efforts to deal with discovery issues cooperatively up until now, to be simply a hollow excuse to avoid action on FMI's request.

    The bottom line is that Global has produced <u>no documents</u>, despite its specific promises to do so, has not identified whether responsive documents exist as to each RFP and where such documents are actually located, and has put off and ignored FMI's requests to deal with these discovery issues without need for court intervention. Global has clearly failed to meet the minimum obligations imposed by the civil rules with respect to its discovery responses. Further, the manner in which it has done so indicates that Global is still simply playing games with FMI – as with the contract issues described in the Complaint, Global's failures to meet its obligations are in a bad faith effort to improve its position with respect to FMI, unjustifiably increasing FMI's costs. FMI demands that Global produce all responsive documents within its possession or control no later than August 15, 2006, or it will file a motion to compel seeking both such production and appropriate sanctions.[1]

---

[1] This letter deals only with the basic issues involving Global's lack of appropriate response to FMI's discovery requests. Having received no response on the Interrogatories and RFP's, FMI reserves any discussion as to whether the answers to the Requests for Admission were appropriate.

Exhibit 3
DORSEY & WHITNEY LLP



Mark Manning
August 10, 2006
Page 4

Sincerely,

Michael A. Grisham

cc:   Mike Mills
      Harry Guenther
      Bent Holme
      George Wilson

Exhibit 3
Page 4 of 4

4811-6794-0097\1\479114\00001

DORSEY & WHITNEY LLP