

MICHAEL R. MILLS
(907) 257-4557
FAX (907) 276-4152
mills.mike@dorsey.com

September 25, 2006

**VIA E-MAIL**

Mark Manning
Mark C. Manning, P.C.
431 West 7th Avenue, Suite 204
Anchorage, Alaska 99501

    Re:    *FMI Food Marketers Int'l v. Global Seafoods North America LLC*
           Discovery Deficiencies

Dear Mark

    This letter is to follow up on a number of discovery issues. I had hoped that Global was stepping back from the unjustifiable recalcitrance and game-playing that had characterized its approach to discovery in this matter. Unfortunately, both the issues that were brought to light during our scheduled inspection of documents at Global's office in Bellevue, Washington, on September 13, 2006, and Global's subsequent failures to meet the promises it made during that inspection have left me with even deeper concerns than before. I encourage you to work with Global to ensure that its actions in this matter conform with appropriate standards of discovery.

    First, we are still awaiting delivery of the Bates numbered documents that Harry Guenther and I selected from the documents produced during our September 13, 2006, inspection. As you are aware, Global is already very late in producing these documents. I trust that these documents will be delivered to us shortly.

    The information I learned while at Global's office concerning the availability of critical documents in this case was very disturbing. Global has indicated that it does not believe any other emails exist from early 2005 through the present that relate to any of the topics included in the requests for production provided by FMI, including without limitation:

    (a)    any emails relating to internal communications at Global among Tom Hennessy, Oleg Nikitenko, and other individuals;

    (b)    emails and other correspondence or communications between Global and customers besides FMI;

    (c)    emails or any other correspondence with the quality inspector Johnson Zhang, who was hired by Global to conduct an inspection of the delivered pink salmon;

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 907.276.4557 • F 907.276.4152
1031 WEST FOURTH AVENUE • SUITE 600 • ANCHORAGE, ALASKA 99501-5907
USA   CANADA   EUROPE   ASIA

Exhibit 7
Page 1 of 3



Mark Manning
September 25, 2006
Page 2

    (d)    emails or other correspondence to/from any governmental or private inspectors regarding other quality control checks performed in connection with Global's 2005 production;

    (e)    emails or other correspondence related to any attempts by Global to resell pink salmon that it refused to properly deliver to FMI or FMI's customers;

    (f)    emails (or any billing or invoicing backup) related to the alleged demurrage and storage charges for the pink salmon that Global failed to deliver to FMI and had to resell; and

    (g)    any documents related to the Global's grading of the pink salmon production for 2005, and the respective amounts of different grades of pinks that were produced.[1]

Tom Hennessey of Global indicated that he had destroyed many of these documents by "purging" emails from Global's computer systems.

    As I indicated to you at the document production, I believe Global is violating its obligations under the Federal Rules of Civil Procedure by failing to properly produce such documents in compliance with the production requests served by FMI. Mr. Hennessey's statements also indicate that Global has knowingly engaged in the tort of spoliation of evidence.[2] Further, as indicated in the attached article, destruction of electronically stored information relevant to litigation not only violates the Federal Rules of Civil Procedure and Alaska tort law, but also constitutes a separate cause of action under the Computer Abuse and Fraud Act.

    You indicated that Global would engage an information technology person to determine whether the emails allegedly deleted by Tom Hennessey and others in the Global organization[3] could be recaptured from the Global's server. Further, you indicated that Global would contact

---

[1] It was also disturbing that Oleg asserted during my visit that Global doesn't grade pink salmon since grading of pink salmon is "not required in the United States." This is an unbelievable statement coming from the owner of a Kodiak seafood processing plant who has executed agreements for years representing that specific grades and quality levels of salmon would be produced and delivered.

[2] See *Hibbits v. Sides*, 34 P.3d 327, 329 (Alaska 2001).

[3] Mr. Hennessey said at the document inspection that Global's employees routinely deleted emails and just happened to delete all emails, except for the ones involving FMI. This statement is simply not credible. The notion that everyone at Global just happened to coordinate their deletion schedules so that the only emails from 2005 to the present that remain in existence are those between Global and FMI is absurd on its face. Global clearly chose to destroy most emails relevant to this dispute. Global obviously intended to eliminate computer records in a selective manner in violation of its obligations to FMI.

DORSEY & WHITNEY LLP
Exhibit 7
Page 2 of 3



Mark Manning
September 25, 2006
Page 3

its internet service provider in order to determine whether the ISP can provide a duplicate copy of the email traffic to and from Global during the relevant time frame, so that Global can adequately comply with its discovery obligations. Please inform me as soon as possible whether the resurrection of the deleted emails could be successfully accomplished either from Global's server or from its ISP.

The interrogatory responses that you provided on behalf of Global are also troubling. In the first place, they have not been verified under oath as required by Civil Rule 33(b)(1). Please have the appropriate verification completed as soon as possible. Further, not a single one of your answers can be said to live up to FMI's appropriate instruction to provide answers "in detail," so that FMI is aware of each and every factual allegation Global is making in support of its claims and defenses. Your response to interrogatory number 1, for example, merely states that the relevant facts "are reflected in the documents produced," without identifying those documents, and does not specify exactly why any charges are purportedly FMI's responsibility. Similarly, your responses to interrogatories 5, 9,12, and 13 simply refer to other answers, without providing the specific and detailed factual averments FMI is entitled to receive. We are well into the discovery process, and FMI is entitled to know what specific factual averments Global is going to raise. These interrogatory responses still leave us in the dark on these important points, and we request that you supplement them as soon as possible.

In the meantime, as the deadlines in this matter remain in place, FMI must continue to press its case as forcefully as possible in the absence of this discovery. FMI is preparing follow-up discovery requests, which it will serve later this week, and is preparing a motion for summary judgment to be filed shortly. FMI also plans to depose Oleg Nikitenko and Tom Hennessey sometime in the next month, and we request that you provide dates they would be available for deposition. You should also note that, should additional documents be provided after their depositions, FMI reserves the right to re-depose them at Global's expense, as these documents are already extremely late.

Your client's actions since the initiation of this lawsuit have done nothing to dispel FMI's firm belief that it has been cheated. Mr. Hennessey's plain admission that he destroyed relevant documents is consistent with Global's earlier actions, and supports our client's view that Global's principals are fundamentally dishonest, untrustworthy, and willing to do anything or say anything to avoid liability in this case. We believe a jury will see things the same way. Rest assured that FMI will vigorously pursue all available causes of action, including those arising from Global's litigation behavior, to the fullest extent provided by law.

Sincerely,

DORSEY & WHITNEY LLP

Michael R. Mills

Exhibit 7
Page 3 of 3