Mark C. Manning
Mark C. Manning, P.C.
431 W. 7th Ave., Ste 204
Anchorage, Alaska 99501
(907) 278-9794 Fax: 278-1169
Counsel for Global Seafoods

**HAND DELIVERED**

OCT 3 0 2006

DORSEY & WHITNEY L.L.P.
ANCHORAGE
at 4:28 /M

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

FMI FOOD MARKETERS              )
INTERNATIONAL, LTD,             )
                                )
            Plaintiff,          )
                                )
    v.                          )        **DOCKETED**
                                )
GLOBAL SEAFOODS NORTH           )
AMERICA, LLC                    )
                                )
            Defendants.         )        No. 3:06-cv-00011 JWS
                                )

GLOBAL SEAFOOD'S OBJECTIONS TO SECOND REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 26: Produce all documents related to Global's efforts to mitigate its purported damages in this case.

RESPONSE: Global objects to this request because it fails to describe the items requested with reasonable particularity, and because use of "related to" is too vague and indeterminate to ascertain the scope of its application and does not identify what is requested with sufficient particularity.

REQUEST FOR PRODUCTION NO. 27: Produce all e-mails, notes of telephone calls, and any other documents related to Global's communications with the individual who created the document produced by Global at Bates # 364-371, between July 2005 and the present.

RESPONSE: Global objects to this request to the extent it is not limited to communications not pertaining to facts or issues relevant to this action because, as to items beyond that scope, it elicits items that are not relevant to the subject matter involved in this action, not admissible, and not reasonably calculated to lead to the discovery of admissible evidence. Global also objects that the request is overbroad, burdensome, duplicative and seeks information not within the possession or control of Global. Global also objects to the production of any materials covered by the work-product and/or attorney-client privileges.

REQUEST FOR PRODUCTION NO. 28: Produce all e-mails, notes of telephone calls, and any other documents related to Global's communications its customers for pink salmon in 2005.

RESPONSE: Global objects to this request because it elicits items that are not relevant to the subject matter involved in this action, not admissible, and not reasonably calculated to lead to the discovery of admissible evidence. Global also objects that the request is overbroad, burdensome, duplicative and seeks information not within the possession or control of Global. Global also objects to the production of any materials covered by the work-product and/or attorney-client privileges.

REQUEST FOR PRODUCTION NO. 29: Produce all e-mails, notes of telephone calls, and any other documents related to communications among Global's officers, directors, or employees concerning any issue raised in FMI's Complaint.

RESPONSE: Global objects to this request because it fails to describe the items requested with reasonable particularity, and because use of "related to" is too vague and indeterminate to ascertain the scope of its application and does not identify what is requested with sufficient particularity. Global also objects to this request because it elicits items that are not relevant to the subject matter involved in this action, not admissible, and not reasonably calculated to lead to the discovery of admissible evidence. Global also objects to the production of any materials covered by the work-product and/or attorney-client privileges.

REQUEST FOR PRODUCTION NO. 32: Produce all documents related to your response to Interrogatories 14, 15, 16, 17, 18, and 19, and to Requests for Admission 42, and 43.

RESPONSE: Global objects to this request because it fails to describe the items requested with reasonable particularity, and because use of "related to" is too vague and indeterminate to ascertain the scope of its application and does not identify what is requested with sufficient particularity. Global also objects that the request is overbroad, burdensome, duplicative and seeks information not within the possession or control of Global. Global also objects to the production of any materials covered by the work-product and/or attorney-client privileges.

DATED this 29th day of October, 2006, at Anchorage, Alaska.

MARK C. MANNING, P.C.

By: _____
Mark C. Manning
Counsel for Defendant

2

10
2 of 3

CERTIFICATE OF SERVICE

I hereby certify that, on 10/_30_/06 to, a copy of this document was served by (mail)/hand, on

Michael R. Mills, Esq.
Michael A. Grisham, Esq.
DORSEY & WHITNEY
1031 West 4th Avenue, Ste. 600
Anchorage, AK 99501

*Meredith Mattin*