

MICHAEL A. GRISHAM
(907) 257-7829
grisham.michael@dorsey.com

October 31, 2006

**<u>VIA FACSIMILE (278-1169), E-MAIL, AND FIRST-CLASS MAIL</u>**

Mark Manning
Mark C. Manning, P.C.
431 West 7th Avenue, Suite 204
Anchorage, Alaska 99501

    Re:    *FMI Food Marketers Int'l v. Global Seafoods North America LLC*
           Discovery Issues

Dear Mark:

    I write to once again express FMI's disappointment and frustration with Global's discovery responses and approach to discovery in the above-referenced case. Global's conduct, both prior to and over the course of this litigation, has repeatedly fallen far short of meeting the obligations imposed by the civil rules. This has been the subject of several letters and numerous conversations with you in the past, and yet Global's pattern of discovery misconduct continues unabated. At this point, it has become clear that Global's actions are a deliberate, bad faith effort to evade discovery, cause delay, prejudice FMI's ability to litigate its case, and improperly raise FMI's litigation costs.

    Enough is enough. If Global does not remedy the discovery issues raised in this letter by Friday, November 3, 2006, FMI will file a motion to compel discovery and seek sanctions against Global.

## INTERROGATORIES

    Global simply blew off the thirteen original interrogatories served by FMI – it refused to answer any of them, and even bothered to object to only two (raising only a specious relevance objection at that). Global finally answered only when faced with the threat of an imminent motion to compel.

    Global's present response to FMI's second set of interrogatories is no more substantive. Once again, Global asserts objections, but refuses to provide any substantive information. Indeed, avoiding giving any information appears to be Global's entire point. How else to explain the fact that Global has deviated from the standard approach of asserting good faith objections and providing such information and responses as are not objectionable, especially when the objections are so groundless? For example, is Global really asserting that it is too burdensome for it to explain its quality control procedures and to identify the individuals responsible for

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 907.276.4557 • F 907.276.4152
1031 WEST FOURTH AVENUE • SUITE 600 • ANCHORAGE, ALASKA 99501-5907
USA   CANADA   EUROPE/ASIA

Page 1 of 3

))) DORSEY

Mark Manning
October 31, 2006
Page 2

implementing such procedures? <u>See</u> Response to Interrogatory 1. And your response that this type of question could only be appropriately answered by individual witnesses at deposition is simply absurd. FMI is asking for Global's company practices and procedures. Most food processing plants have such quality control procedures in the form of a written manual, so that new employees can be properly trained. Moreover, Global is clearly answerable to federal and state inspectors for at least part of its quality control procedures, and so it must have had to explain this at some time in the past. The objections appears to be nothing but a specious excuse for Global to avoid the task of answering a clearly valid and relevant discovery request. This specious objection does not excuse Global from making a good faith effort to respond.

Your objection to Interrogatory 15 is equally specious. As you and your client are well aware, Grades 1, 2, and 3 are commonly used terms to describe the quality of pink salmon. If Global did not know what Grade 1 pink salmon was, it should not have entered a contract to produce such salmon to FMI. And, of course, since the interrogatory asked for information regarding salmon "processed by Global," it clearly sought information regarding the salmon Global actually "processed" – which is, after all, the subject of this entire litigation. Your response is deliberately obtuse, and a vexatious and bad faith effort to avoid discovery.

## REQUESTS FOR PRODUCTION

Your approach to FMI's first set of requests for production was to assert obviously specious relevance and undue burden objections, refuse to produce documents, and send the undersigned on a wild goose chase. This pattern of inappropriate activity appears to be repeating itself.

First, the objections.

Global asserted relevance objections to RFPs # 27, 28, and 29. As you are well aware (because FMI has informed you) "relevance" as applied to lines of inquiry in discovery is an extremely broad concept. The Federal Civil Rules create a "broad right of discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." <u>Shoen v. Shoen</u>, 5 F.3d 1289, 1292 (9th Cir. 1993). As such, a discovery request need only be "'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.'" <u>Id</u>. (quoting Fed.R.Civ.P. 26(b)(1)). Moreover, "[r]elevance for purposes of discovery is defined very broadly." <u>Garneau v. City of Seattle</u>, 147 F.3d 802, 812 (9th Cir. 1998). The Ninth Circuit has long relied upon the Supreme Court's pronouncement in <u>Hickman v. Taylor</u> that "[i]nformation is relevant to the subject matter if it might reasonably assist a party in evaluating the case, preparing for trial or facilitating settlement." <u>Hickman v. Taylor</u>, 392 U.S. 485, 506-507, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

The notion that Global's communications with the quality inspector specifically identified in the Complaint (RFP # 27) are not relevant is simply and obviously specious. The notion that Global's discussions regarding the issues raised specifically in the Complaint are not relevant is simply and obviously specious. The notion that Global's communications with other customers



Mark Manning
October 31, 2006
Page 3

for 2005 pinks, given the fact that FMI had a right of first refusal as to all pinks produced in 2005 and has specifically alleged that Global was sending high quality pinks to such other customers, is simply and obviously specious.

    Global again asserted privilege objections. Global again failed to produce a privilege log to document the propriety of such objections.

    Global again pulled out pedantic exceptions to the use of the commonly-understood phrase "related to." The notion that Global cannot figure out what "related to Global's efforts to mitigate [damages]" means is simply not credible. The notion that Global cannot discern the meaning of "documents related to communications," where the RFP specifies such things as "e-mails" and "notes of telephone calls" is not credible. The notion that Global cannot determine what documents are reasonably related to its own responses to earlier discovery requests is not credible.

    Global again asserted complaints of "undue burden" that were unaccompanied by any reasonable explanation as to why or how the requests present such a burden and by any actual effort at production of any documents. This again appears to be nothing more than kvetching about the burdens imposed by the Civil Rules.

    The most significant point is that Global has once again produced <u>no documents</u>. It has failed to identify whether responsive documents exist as to each RFP and where such documents are actually located.

    FMI gave Global the benefit of the doubt before, and expended significant time and effort to get Global to live up to its discovery obligations. The fact that Global has tried the same tricks again, however, clearly indicates that Global is only interested in playing games. Again, as with the issues described in the Complaint, Global's failures to meet its obligations appear to be nothing more than a bad faith effort to improve its position with respect to FMI, unjustifiably increasing FMI's costs. FMI demands that Global produce all responsive documents within its possession or control no later than **Friday, November 3, 2006**, or it will file a motion to compel seeking both production and sanctions.

    Sincerely,

    Michael A. Grisham

cc:    Mike Mills
        Harry Guenther
        Bent Holme
        George Wilson

4840-2368-3585\1\479114\00001

DORSEY & WHITNEY LLP