

**MICHAEL A. GRISHAM**
grisham.michael@dorsey.com

November 9, 2006

<u>**VIA E-MAIL & FIRST CLASS MAIL**</u>

Mark Manning                                                    manning@alaska.net
Mark C. Manning, P.C.
431 West 7th Avenue, Suite 204
Anchorage, Alaska 99501

      Re:    *FMI Food Marketers Int'l v. Global Seafoods North America LLC*
                 *Discovery Responses*

Dear Mark

      I write to address your discovery responses, sent to us via e-mail on Tuesday morning (November 7, 2006).

      I have previously raised FMI's concerns that Global is engaged in inappropriate gamesmanship in discovery. Global's practice has been to dribble out late responses that provide only inadequate objections, and forcing FMI to drag information out of it through expensive and time-consuming letter writing campaigns. This vexatious approach has already significantly delayed FMI's prosecution of this action, obscured relevant and discoverable information, and inappropriately raised FMI's costs of litigation – indeed, FMI believes that this is the purpose of Global's approach.

      Your tardy interrogatory responses again do nothing to dispel that belief. FMI has continuously bent over backwards to avoid discovery motion practice, but is not inclined to do so anymore. The issues raised in this letter must be fully addressed by no later than Tuesday, November 14, 2006, or FMI will seek court assistance.

      In Interrogatory No. 14, FMI demanded that Global "describe in detail" its quality control procedures and the specific steps Global took to meet the quality provisions of FMI-224. Your answer indicates that Global has an "HACCP plan," and that "round fish were inspected." You did not indicate the specific documents (by production number) that support this response, nor are we certain that such documents have been produced. This information is necessary. Substantively, HACCP ("Hazard Analysis and Critical Control Points") plans are food safety plans, designed to avoid contamination of food during processing. Neither FMI nor its customers have raised contamination complaints, and so this information is only minimally relevant. More importantly, you provided no information regarding what Global actually did (e.g. a description of training and implementation steps and who was responsible for ensuring



 **DORSEY**

Mark Manning
November 9, 2006
Page 2

compliance). The same holds true of the more relevant round fish and sample inspections Global purports to have done. FMI is entitled to know exactly what these "inspections" consisted of, who did them, whether they were trained and how, whether there were written guidelines, who was responsible for ensuring compliance with such guidelines, etc. Any objection that this is unduly burdensome is specious – the information FMI is looking for could be garnered in a short, simple phone call with your client. It is not just relevant, but central to the case, and we should not have to wait to discover it until depositions.

Interrogatory 15 clearly sought information on Global's total production, broken into quality grade of salmon. If Global did no grading of any sort, it should say so and provide information regarding its total production. If it did grade salmon using a different grading system, it should say so and provide the information broken into the grades it did use.

Interrogatory 16 demands detailed information regarding Global's other 2005 contractual commitments. This request was not on its face limited to "pre-season contracts," "written contracts," or "contracts such as the FMI contract." If Global sold pinks to anyone else in 2005, there was a contract, and FMI is entitled to detailed information about it (including, but not limited to information regarding who Global sold to, when the agreement was made, all terms of the agreement, etc.).

Interrogatory 17 was not limited to "substantial items." If there were any claims, credits or returns, we are entitled to know about them. An averment that information would "probably" be in a room full of files comes nowhere close to discharging Global's responsibility.

Interrogatories 18 and 19 sought information regarding Global's grading of fish – the terms "Grade 1, 2 and 3" were used because they appear in the Global contract. If Global did any grading at all into any categories, however, FMI is entitled to know about it.

With respect to deposition scheduling, we have planned to take the deposition of Thomas Hennessey in Dorsey's Seattle offices on Tuesday the 28th and Mr. Nikitenko's on Wednesday the 29th, and we will send out deposition notices to that effect. Our clients remain available for deposition on Thursday, November 30, and Friday, December 1, of that week, though we have not heard from you regarding a place or time.

As to further depositions, FMI reserved the right to depose additional people identified through discovery, such as the individuals named in your response to Interrogatory 14. We would like to arrange for depositions (which could be done telephonically) of Mssrs. Portillo, Medina, Aganoy, and Morozof as well. Please advise as to your willingness to agree to such depositions at your earliest convenience.

We also have yet to receive the documents you indicated you had sent to be copied. Please advise as to the status of this production.



Mark Manning
November 9, 2006
Page 3

Sincerely,

DORSEY & WHITNEY LLP

Michael A. Grisham

cc:    Harry Guenther
       Bent Holmes
       Michael Mills

4816-6222-0801\4\479114\00001