Michael R. Mills, ABA# 8911074
Michael A. Grisham, ABA# 9411104
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for FMI Food Marketers International, Ltd.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FMI FOOD MARKETERS INTERNATIONAL, LTD.<br><br>                    Plaintiff<br><br>vs.<br><br>GLOBAL SEAFOODS NORTH AMERICA, LLC<br><br>                    Defendant | **OPPOSITION TO MOTION FOR EXTENSION OF TIME**<br><br>Case No. 3:06-CV-00011 JWS |

Defendant Global Seafoods North America, LLC, ("Global") has moved for a

second extension of time within which to respond to the Motion to Compel Discovery

filed by Plaintiff FMI Food Marketers International, Ltd., ("FMI") on November 22,

2006. This is in addition to an earlier Motion for Extension of Time granted by this

Court[1] and to an extension granted by this Court pursuant to a stipulation between the

parties. Global's response to the Motion to Compel was initially due on December 11,

2006, and, if the present request is granted, Global will have received extensions totaling

---

[1] As the Court granted Global's request on the day after it was filed, FMI did not have the opportunity to respond to that request.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

44 days.

Global's request for extension should not be granted.  The reasons Global has given in support of its motion are both disingenuous and insufficient.  Brief analysis of the procedural situation clearly demonstrates that Global is simply stringing FMI along, vexatiously delaying FMI's receipt of necessary information and unnecessarily raising FMI's litigation costs.  FMI was entitled to the information it seeks through the motion to compel months ago, and its lack has been prejudicial to FMI.  Further delay is unjustified, and increases the prejudice suffered by FMI from Global's improper failure to cooperate in discovery.

## BACKGROUND

FMI's Motion to Compel covered a number of different subjects.  FMI established that Global's discovery responses were inadequate in numerous respects, including: (1) Global's failure to adequately respond to Interrogatories 1, 5, 9, 12, and 13 from FMI's First Set of Discovery Requests; (2) the potential destruction of relevant documents responsive to FMI's First Set of Discovery Requests, and Global's inadequate efforts to identify ways to produce such documents; (3) Global's failure to adequately respond to Interrogatories 14-19 from FMI's Second Set of Discovery Requests; (4) Global's failure to produce any documents responsive to FMI's Second Set of Discovery Requests.  FMI also established that Global's actions were part of a pattern and practice on Global's part

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

OPPOSITION TO MOTION FOR
EXTENSION OF TIME
Page 2

FMI FOOD MARKETERS v. GLOBAL SEAFOOD

Case No. 3:06-cv-00011 JWS

of unreasonable, dilatory, and vexatious failures to cooperate in the discovery process, which FMI believes is designed and intended to delay and hinder FMI's prosecution of this action and to raise FMI's litigation costs. *See* Motion to Compel, at Clerk's Docket - 31.

Global's prior Motion for Extension of Time represented that the extension was necessary because FMI had failed to respond to Global's proposals regarding computer searches related to item (2) above. *See* Memorandum in Support of Motion for Extension of Time, at Clerk's Docket 48. Similarly, this Motion indicates that more time is needed because of FMI's purported failure to respond to Global's efforts to resolve this particular issue. *See* Memorandum in Support of Motion for Extension of Time, at Clerk's Docket 55.

ARGUMENT

Global's averments to this Court regarding the purported need for additional time are both disingenuous and misleading, and are insufficient to support its request.

Due to the holidays, this Court granted Global's first Motion for Extension before FMI had the opportunity to respond. As FMI specifically informed Global by letter, FMI may not have opposed that request for extension, but certainly would have requested this Court not to grant Global any further extensions due to FMI's well-grounded concerns regarding Global's inappropriate and vexatious discovery tactics. *See* Exh. 1 (Letter to

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Mark Manning).  As further documented in that letter to counsel for Global, Global's

representations to the Court regarding the purported need for the extension – and

especially the implications in this motion that the need for the extension rested on FMI

due to its purported failure to respond to Global's proposal – were inaccurate on every

level.  Contrary to Global's representations, counsel for FMI had already agreed to

Global's proposed "protocol" before Global filed its motion - the only thing left for FMI

to do was to provide search terms, which it had promised to do by the end of the week

(and which it timely provided with its letter).  *See* Exh. 1.  FMI requested that Global

provide documents identified by its searches within 10 days, by January 9, 2007.  Global

did not object.

Global raises a similar averment this time around, implying that an extension is

necessary because FMI has delayed in providing a "signed copy" of a protocol agreement

that is submitted as an exhibit with the Motion.  *See* Clerk's Docket 54 at Exh. A.  FMI is

left nonplussed at this averment:  counsel for Global had **<u>never</u>** discussed a written

agreement regarding this "protocol," nor had counsel for Global indicated any desire to

have such a written arrangement; and the **<u>first time</u>** counsel for FMI ever saw a draft of

this written "protocol" agreement was when it was filed as an exhibit to the second

Motion for Extension.  It is also worth noting that this extension request with the

accompanying agreement, were filed on the date by which FMI had requested Global to

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

OPPOSITION TO MOTION FOR                          FMI FOOD MARKETERS v. GLOBAL SEAFOOD
EXTENSION OF TIME
Page 4                                                             Case No. 3:06-cv-00011 JWS

produce documents.  Global neither objected to FMI's proposed time frame nor indicated that documents would not be forthcoming.

So, the reason for the first extension is that the parties had not yet reached an agreement on a "protocol" for computer searches – even thought they had, in fact, reached such an agreement.  Now an extension – sought on the very day by which Global was supposed to produce documents – is purportedly necessary because FMI has not signed a written agreement, even though, again, the parties had previously reached an agreement, had never discussed a written "protocol" contract regarding this discovery issue, and FMI is seeing a draft of this proposed agreement for the first time contemporaneously with the Court.

Global is clearly manufacturing excuses for delay.  There is no reason for this "protocol" contract – the parties reached agreement on how this search was to be conducted weeks ago, and this agreement could easily have been confirmed in writing by a letter, if counsel for Global thought it necessary.  Further, this written protocol could have been raised as an issue and distributed in draft form weeks ago, if it were indeed necessary.

More importantly, as noted above, this is only one of several issues raised by FMI's Motion to Compel.  Global's excuses present no reason for Global to delay responding to the other issues raised by FMI's motion; it could simply have represented

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

that the parties were working out this particular issue and expected it to be resolved.

Global's filing of the present Motion for Extension simply underscores the need for this Court to compel Global to comply with its discovery obligations. Global's stated reasons for the extension are disingenuous and inaccurate. Moreover, they are insufficient to support the request in the first instance, as they are only related to one discrete issue raised by the Motion to Compel. The filing of this request – with its inaccurate assertions and manufactured excuses for further delay – is simply in furtherance of Global's vexatious efforts to delay and hinder discovery, increase litigation costs, and improperly interfere with FMI's prosecution of this action.

Global's Motion for Extension should be denied.

DATED this 10th day of January, 2007, at Anchorage, Alaska.

DORSEY & WHITNEY LLP


By:   /s/ Michael A. Grisham
      Michael R. Mills, ABA# 8911074
      Michael A. Grisham, ABA# 9411104
      DORSEY & WHITNEY LLP
      1031 West Fourth Avenue, Suite 600
      Anchorage, AK 99501-5907
      (907) 276-4557

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 4, 2007, a true and correct copy of this document was served on:

- Mark C. Manning

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

by first class regular mail, if noted above, or by electronic
means through the ECF system as indicated on the Notice
of Electronic Filing.

/s/ Michael A. Grisham

Michael A. Grisham

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

OPPOSITION TO MOTION FOR                    FMI FOOD MARKETERS v. GLOBAL SEAFOOD
EXTENSION OF TIME
Page 7                                                          Case No. 3:06-cv-00011 JWS

4821-3978-9825\1 1/10/2007 2:04 PM