Mark C. Manning
Mark C. Manning, P.C.
431 W. 7th Ave., Ste 204
Anchorage, Alaska  99501
(907) 278-9794 Fax: 278-1169
Counsel for Defendant

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| FMI FOOD MARKETERS INTERNATIONAL, LTD, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| GLOBAL SEAFOODS NORTH AMERICA, LLC | )<br>)<br>) |
| Defendants. | ) No. 3AN-05-14099 Civ. |

**PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND
REPORT AND PROPOSAL RE PRODUCTION OF E-MAILS**

Plaintiff FMI has exaggerated the history and present state of affairs of Global Seafoods' responses to discovery. It is true that Global has been late in parts of its responses. But it has never refused to make discovery. FMI's use of that term makes the state of discovery, and Global's willingness to provide information in response to discovery requests, appear questionable because of the implication that Global will not participate in making some discovery. FMI did nor and cannot refer the court to any statement constituting refusal to make discovery. It seems to infer refusal from the timely service of objections and responses to admissions requests, followed by later substantive responses. This did not reflect any refusal to make discovery. It simply reflected the fact that substantive responses to interrogatories and production requests were not ready for service by the deadline. Substantive answers to all interrogatories and production requests have been made, with the exception of e-mail-related requests, discussed below.

Global believes it has produced all responsive paper documents, though counsel is pursuing an inquiry to double check that. What is at issue presently is whether some of Global's interrogatory answers were not sufficiently detailed and should be supplemented, and what should be done to make discovery of electronic material.

The scope of FMI's motion is not clear. On page 1 of its papers, FMI asks for an order compelling Global "to provide full and complete responses to FMI's Second Discovery Requests to Global." But its form of order asks the court to order Global to provide "full and complete responses to all of Plaintiff's Interrogatories...." and to "report to the Court...regarding its efforts to determine whether electronic documents purportedly destroyed can be retrieved, and to produce any such documents that have been retrieved."

FMI's supporting memorandum complains of interrogatory responses in both its First and Second Discovery Requests. Accordingly, notwithstanding the language of its motion Global will address its answers to all interrogatories FMI addressed in the text of its motion. Counsel had intended to supplement several following completion of the fist and only depositions in this matter, of each of the parties' 2 primary witnesses, during the period November 26 to December 1. Supplementation has been delayed by the need to address FMI's summary judgment motion, served on November 30. After addressing interrogatory answers, FMI will then address electronic discovery.

INTERROGATORIES

FMI seeks an order indiscriminately requiring Global to answer all interrogatories, as though it had not satisfactorily answered any. That is not correct. In addition, FMI writes that at least some interrogatories answers have been answered under oath. That is not correct. All interrogatories have been answered, and answered under oath.

First Set

Interrogatory No. 1: There is nothing wrong with this answer, but Global will revise it to insert additional details that appear in its opposition to FMI's summary judgment motion.

Interrogatory No. 2: Not addressed by FMI.

Interrogatory No. 3: Not addressed by FMI.

Interrogatory No. 4: Not addressed by FMI.

Interrogatory No. 5: There is nothing wrong with this answer, but Global will revise it to insert additional details, and to directly state parts of the answer in paragraph 3.

Interrogatory No. 6: Not addressed by FMI.

Interrogatory No. 7: Not addressed by FMI.

Interrogatory No. 8: Not addressed by FMI.

Interrogatory No. 9: Global will serve a revised answer containing more detail.

Interrogatory No. 10: Not addressed by FMI.

Interrogatory No. 11: Not addressed by FMI.

Interrogatory No. 12: Global asserts that this answer, notwithstanding that it references other interrogatory answers, is more than adequate to put FMIO on notice of Global's position and enable it to prepare a defense. As always, more detail could be included. To avoid any further debate, Global will serve a revised answer to place the material in the other answers referred to directly into the answer to this interrogatory, and to insert additional details.

Interrogatory No. 13: Global asserts that this answer, notwithstanding that it references other interrogatory answers, is more than adequate to put FMIO on notice of Global's position and enable it to prepare a defense. As always, more detail could be included. To avoid any further debate, Global will serve a revised answer to place the material in the other answers referred to directly into the answer to this interrogatory, and to insert additional details.

Second Set

Interrogatory No. 14: Global will revise its answer to make it clearer and to provide additional details. Global notes that until early December, it was understood between the parties that FMI would stipulate to depose Global's quality control supervisor and plant manager, who would have provided whatever explanation FMI requested, curing any deficiency in this answer.

Interrogatory No. 15: Ths answer stands. with the exception of a very small amount of fish in the processing start-up period, Global did not grade its H&G pink. FMI has been given production records and has deposed Global president Oleg Nikitenko to confirm this.

Interrogatory No. 16: This answer stands. The language "contractual commitments to its other pink salmon customers for the 2005 season" obviously refers to pre-season commitments, not "sales" to other customers. Global notes that it has produced invoices for all

2005, sales to other customers, barring possibly some inadvertent omissions FMI has not brought to Global's attention, and a print out of a report of all such sales. If the language is to be read as FMI asserts, Global would object to the dates on which the particular sales to other customers were agreed upon as irrelevant to its case. There were many other sales. FMI claims a right of first refusal. If it had a valid right, it does not matter when the other sales were made agreed upon.

Interrogatory No. 17: This answer stands. Global produced all its sales files for FMI's review.

Interrogatory No. 18: This answer stands. FMI has not raised any questio about its adequacy.

Interrogatory No. 19: This answer stands. FMI has not raised any questio about its adequacy.

REQUESTS FOR PRODUCTION

FMI claims at page 12 that Global has "produced no documents." That is so wrong as to be remarkable. The parties convened in Global's Bellevue offices on September 13, 2006. Global pulled all of its 2005 pink salmon records out of storage and made them available for inspection by FMI's counsel and principal. Copies were requested and provided. Copies of other documents were provided before and after the inspection of these document. while counsel is double checking, Global believes that it has produced all responsive hard copy. It is retaining nothing except attorney-client communications and work product, neither of which FMI has produced in response to Global's discovery requests. The objections Global raised were contingent, and in fact nothing has been withheld based on them. Global would note that FMI did the same thing in responding to production requests made to it: objections were raised, but counsel has been assured that nothing has actually been withheld based on them, with the exception perhaps of some e-mails FMI deems not pertinent to the case.

The area of continuing difficulty is digital material on computer. On September 27, FMI served production requests that asked for the "kitchen sink" in respect of e-mails having to do with all sales of all pink salmon and any issues in this case. Global does not routinely print e-mails. Further, it does not routinely save, back up or otherwise preserve e-mails. Global does

not have a document retention policy or practice in respect of e-mails, except that at irregular intervals material is deleted when it appears no longer needed because the transaction has been completed. Accordingly, while some of the e-mail material FMI has requested remains in "active" files, most of it is believed to be in "free space." 7 *Moore's Federal Practice* §37A.32[3][c]. To determine how to find this material, Global engaged a forensic computer expert. The expert made "mirror image copies" of the hard drives of the computers that had or had had relevant e-mails on them.

Global was advised that locating and reviewing the material would be a time consuming and expensive process. To try to refine the scope of the project, counsel asked FMI what search terms it wanted used. *Exhibit B*. The response back was an unhelpful "we want everything." *Exh. C.* After learning more about the process, Global sent a proposed protocol for FMI's search of the disks to FMI's counsel. *Exh. D.* Notwithstanding follow up queries, no acceptance or rejection of the protocol came until December 29. *Exh E.*

On December 29, FMI faxed a letter addressing discovery of he disks. *Exh. F.* On the one hand, it inaccurately stated that counsel had "agreed to your proposed 'protocol'".... *Id. at 1*. Attached was a list a search terms first elicited from FMI in October. Finally, the fax demanded that the search terms be run and documents be produced in 10 days. This demand was totally inconsistent with the protocol.

The protocol FMI proposed was consistent with approved approaches to computer discovery. *Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280 (S.D.N.Y. 2003). This is doubly the case when it is highly doubtful that the material will be of any help to FMI's case. As has been demonstrated by its recent MOTION FOR PARTIAL SUMMARY JUDGMENT, FMI is able to state and support its case. There is little or nothing dredging through e-mails would produce to add to FMI's body of evidence.

Global does not object to FMI browsing its disks, so long as there are appropriate controls. Global does not have to print documents; it may produce digital media in the same format as stored in the ordinary course of business. & *Moore's Federal Practice* §37A.32[3][a] at 37A-125. Accordingly, the court is respectfully requested to require FMI to enter into the protocol. *Exh. A.* Alternatively, if the court decides that is not appropriate, then Global would

consider making the disk images available to FMI to browse with its own search terms under a confidentiality agreement consistent with Exhibit A, and a "clam back agreement," establishing that discovery of privileged material on the disk will not waive any privilege and that privileged documents must be returned unused to Global.

DATED this 23rd day of January, 2007, at Anchorage, Alaska.

MARK C. MANNING, P.C.
Counsel for Defendant


By:_____
    Mark C. Manning
    Alaska Bar No.: 8110066


I certify that a copy of the foregoing
has been served by mail/ hand/ fax on
1/ 23/ 07 on

Michael R. Mills
Michael A. Grisham
DORSEY & WHITNEY LLP
1031 W. 4th Avenue, Ste. 600
Anchorage, AK 99501-5907


_____
    Christina Childers