# MARK C. MANNING, P.C.
### LAWYER

431 WEST 7th AVENUE SUITE 204 ANCHORAGE, ALASKA 99501-3583
TELEPHONE: (907) 278-9794 FACSIMILE: (907) 278-1169 manning@alaska.net

*admiralty, maritime & fisheries practice*
www.AlaskaMarineLaw.com

December 8, 2006

Michael R. Mills, Esq.
DORSEY & WHITNEY
1031 West 4th Avenue, Ste. 600
Anchorage, AK 99501
Via fax 276-4152

Re:   *FMI v. Global Seafoods*
      Our File No.: 2592-13

Dear Mike:

This is to address your letter of today concerning hard drive discovery, as well as 3 other discovery matters.

1.   The disc images were made and are presently in the possession of Cascade Legal Copying & Technologies, LLC in Bellevue. The disc images, especially the one of Oleg's machine, almost certainly contain a wide variety of materials, including much material pertaining to cod and other species than pink salmon, attorney-client communications concerning this and other legal proceedings and matters, and material pertaining to the market for pink salmon that Global feels could be used against it competitively.

As a first step in isolating discoverable non-privileged documents from the other material, some time ago I requested proposed document search terms, but Mike Grisham, if memory serves, declined to provide any. It appears that you would rather be able to browse. Global doesn't have a problem with that so long as there is protection against discovery of privileged documents and the wholesale dissemination of non-discoverable documents and discoverable documents that aren't really needed as exhibits and which could be used against Global competitively.

Cascade can provide the searching, viewing and printing technology, and document control. It has provided me with a form that it has used before, which may provide for a mutually satisfactory procedure. A tailored discussion draft is attached. Please comment.

2.   You and/or Mike Grisham expressed interest in deposing several Global Kodiak employees. Do you still want to do that?

3.   I have requested copies of the materials responsive to our second production requests.

Exhibit D
Page 1 of 5 Pages

Are they ready for pick up?

4. Global remains inclined to try mediation. I would think we would want someone with both litigation and substantial commercial backgrounds. Do you have any mediators in mind?

Yours truly,

MARK C. MANNING, P.C.

*Mark*

Mark C. Manning

## Agreement Regarding Cascade Legal Copying & Technologies LLC's Role in discovery of digitally stored material in FMI v. Global Seafoods

Michael Mills and Mark Manning, for themselves and their respective clients, agree that Cascade Legal Copying & Technologies LLC's role with respect to electronically stored information procured from Global Seafoods will be to provide computers, computer software and technical assistance to assist the attorneys to review and produce certain electronically stored information that may contain data relevant and discoverable to the action.

1. Cascade Legal Copying & Technologies ("CASCADE LEGAL") has 2 hard disk drives containing data cloned (duplicated bit-for-bit) from the 2 hard drives encountered at Global's offices in Bellevue, Washington.

2. CASCADE LEGAL will run searches of the drives using search terms to narrow the available data to documents within the relevant Requests for Production and to identify any privileged (including work product) documents using CASCADE LEGAL's proprietary applications.

3. CASCADE LEGAL will isolate the documents marked potentially privileged or non-responsive by Mr. Manning.

4. CASCADE LEGAL will assist Mr. Mills or persons he may designate with reviewing the contents of the hard drives that include Mr. Mills' search terms, less the documents marked privileged or nonresponsive. Mr. Mills will "bookmark" requested documents during his review to assist CASCADE LEGAL in compiling responsive non-

privileged documents selected by Mr. Mills. The "bookmarked" documents will represent the documents of which Mr. Mills requests a copy. .

5. CASCADE LEGAL will "print" to hard copy and/or to TIFF format all documents "bookmarked" by Mr. Mills.

6. Counsel shall be responsible for paying all hourly and daily computer rental costs charged by CASCADE LEGAL. CASCADE LEGAL's daily computer rental cost is $100.00 per day, and CASCADE LEGAL's staff charges between $125.00 to $195.00 per hour. The parties shall share, on a 50/50 basis, CASCADE LEGAL's charges for producing TIFF image files or printing paper copies of the bookmarked documents. CASCADE LEGAL's invoice is due upon receipt.

7. CASCADE LEGAL will provide both counsel a copy of the requested ("bookmarked") documents determined to be non-privileged and responsive.

8. If Mr. Mills views documents later claimed to be privileged, both counsel, on behalf of their respective clients, agree that such disclosure is inadvertent, does not constitute a waiver, and that all privileged documents shall be returned. Counsel also agree that inadvertent viewing of such documents will not form the basis for a disqualification motion.

9. Any otherwise responsive documents for which there is a claim of privilege will be safeguarded by CASCADE LEGAL and not revealed to Mr. Mills without Mr. Manning's prior written consent or Court Order. Mr. Manning will provide a list of such documents to Mr. Mills.

10. The September 13, 2006, Protective Stipulation in the remains fully in effect and applies to this electronic material. In addition, potentially responsive documents that refer to customers other than FMI, or that concern transactions with customers other than FMI, may only

be viewed by Mr. Mills and those assisting him in preparing FMI's case, and may not be distributed to FMI or anyone else, unless Mr. Manning agrees in writing or the court determines that they are admissible as exhibits in the case.

UNDERSTOOD AND AGREED:

_____     Dated: _____

By:   _____

Title: _____


_____     Dated: _____

By:   _____

Title: _____